UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE PARTNERSHIPS AND ) <br> UNINCORPORATED ASSOCIATIONS ) <br> IDENTIFIED ON SCHEDULE "A", ) <br> ) <br>     Defendants. ) <br> ) | Case No. <br><br> **COMPLAINT** <br><br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels"), by and through its undersigned counsel, sets forth its Complaint below against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

**PARTIES**

1. Mobile Pixels, Inc. is a California corporation with its principal place of business at 8 Cedar Street, Suite 62, Woburn MA 01801.

2. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Mobile Pixels. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

3. On information and belief, Defendants either individually or jointly operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it

virtually impossible for Mobile Pixels to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional information regarding their identities, Mobile Pixels will take appropriate steps to amend the Complaint.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Massachusetts, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Massachusetts residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Massachusetts, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Mobile Pixels' patented design to residents of Massachusetts. Each of the Defendants is committing tortious acts in Massachusetts, is engaging in interstate commerce, and has wrongfully caused Mobile Pixels substantial injury in the Commonwealth of Massachusetts.

## INTRODUCTION

6. This action has been filed by Mobile Pixels to combat e-commerce store operators who trade upon Mobile Pixels' reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the same unauthorized

---

[1] The e-commerce store URL's are listed on Schedule A hereto under the Online Marketplaces.

2

and unlicensed products, namely the auxiliary monitor products set forth in **Exhibit 1** to this Complaint, that infringes Mobile Pixels' patented design, U.S. Patent No. D920,975 (the "Infringing Products").  Defendants create e-commerce stores operating under one or more Seller Aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers.  E-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them, suggesting that Defendants' operations arise out of the same transaction, occurrence, or series of transactions and occurrences.  Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation.  Mobile Pixels has filed this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet.  Mobile Pixels has been and continues to be irreparably harmed from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## **MOBILE PIXELS' 975 PATENT**

7.    Mobile Pixels was founded in 2016 by Xiaoliang Yao and Wenglong Ng to develop and market auxiliary monitors for computers.   In particular, the pair sought to create at least one monitor that could be attached to the back of a laptop monitor and be deployable between a stowed position behind the screen and a display position extending from one or both sides of the laptop monitor, allowing laptop users to experience the convenience of multiple screens without requiring the laptop to be docked to a desktop docking station with additional stand-alone monitors.

8. On May 17, 2018, Mr. Yao and Mr. Ng filed a design patent application, United States Serial Number 29/647,976, on their invention. This application issued as U.S. Patent No. D920,975 (the "'975 Patent") on June 1, 2021. A true and correct copy of the '975 Patent is attached hereto as Exhibit 2.

9. Mobile Pixels is the lawful assignee of all right, title and interest in and to the '975 Patent, with full rights to enforce the '975 Patent and sue and recover for past, present, and future infringement.

10. Since at least July 2018, Mobile Pixels has marketed, advertised, promoted, distributed and sold auxiliary monitor products to consumers in the United States. Mobile Pixels auxiliary monitors have been extremely successful, driven by Mobile Pixels' unique and innovative designs and high quality standards. As a result, genuine Mobile Pixels products have come to symbolize high quality.

11. Mobile Pixels products are distributed and sold online to consumers through retailers throughout the United States, including through authorized retailers in Massachusetts, including Best Buy, Office Depot, Lenovo, Target, and NewEgg, as well as through the official "mobilepixels.us" website and through Mobile Pixels' official Amazon e-commerce sites.

12. Mobile Pixels products are known for their distinctive patented designs, which are broadly recognized by consumers. Auxiliary monitors stylized after these designs are associated with the quality and innovation that the public has come to expect from Mobile Pixels. Mobile Pixels uses these designs in connection with its auxiliary monitor products, including the designs of the '975 Patent (the "Mobile Pixels Design").

## DEFENDANTS' UNLAWFUL CONDUCT

13. In recent months, Mobile Pixels discovered numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. **Exhibit 3** (Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id*. Over 85% of CBP seizures originated from mainland China and Hing Kong. *Id*. Legislation was introduced in the U.S. Senate that would allow CBP to seize articles that infringe design patents, thus closing a loophole currently exploited by infringers.[2] Infringing and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

14. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4** (Daniel C.K. Chow, Alibaba, Amazon and Counterfeiting in the Age of the Internet, 40 N.W. J. Int'l L. & Bus. 157, 186 (2020); *see also* "Combating Trafficking in Counterfeit and Pirated Goods," U.S. Department of Homeland Security's Office of Strategy,

---

[2] *See* Press Release, U.S. Senator Thom Tillis, Tillis, Coons, Cassidy & Hirono Introduce Bipartisan Legislation to Seize Counterfeit Products and Protect American Consumers and Businesses (Dec. 5, 2019), https://www.tillis.senate.gov/2019/12/tillis-coons-cassidy-hirono-introduce-bipartisan-legislation-to-seize-counterfeit-products-and-protect-american-consumers-and-businesses.

Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 5** (finding that on "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third party sellers" is necessary). Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. **Exhibit 5** at 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business identity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *Id*. at 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]." **Exhibit 4** at 186-187.

15. Defendants have targeted sales to Massachusetts residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Massachusetts, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Massachusetts.

16. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from

authorized retailers.  Mobile Pixels has not licensed or authorized Defendants to use the patented Mobile Pixels design.

17.	E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operations.

18.	E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products.  Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

19.	Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases that they operate or use.  E-commerce stores operating under the Seller Aliases include other notable common features, such as the use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, and/or the use of the same texts and images.  Additionally, Infringing Products for sale by the Seller Aliases bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that Defendants are interrelated.

20. E-commerce store operators like Defendants are in constant communications with each other through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

21. Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Mobil Pixels' enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgments awarded to Mobile Pixels. Analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

22. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Mobile Pixels, have jointly and severally, knowingly and willfully offered for sale, sold and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the Mobile Pixels design. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Massachusetts, and, on information and belief, each Defendant has sold Infringing Products into the United States and Massachusetts over the internet.

23. Defendants' infringement of the Mobile Pixel Design in the making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the Infringing Products was willful.

24.     Defendants' infringement of the Mobile Pixels Design in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Product, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into the United States, including Massachusetts, is irreparably harming Mobile Pixels.

## COUNT I
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D920,975

25.     Mobile Pixels repeats and realleges the preceding paragraphs of this Complaint as though fully repeated here.

26.     Defendants are making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use Infringing Products that infringe, directly or indirectly, the ornamental design claimed in the '975 Patent.

27.     Defendants have infringed the '975 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Mobile Pixels to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the patented invention.  Mobile Pixels is entitled to injunctive relief pursuant to U.S.C. § 283.

28.     Mobile Pixels is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to U.S.C. § 289.  Mobile Pixels is entitled to recover any other damages as appropriate pursuant to U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Mobile Pixels prays for an order entering judgment against Defendants as follows:

A. For judgment that the '975 Patent has been and continues to be infringed by Defendants;

B. That Defendants, their officers, agents, employees, and attorneys, affiliates, and all persons acting in concert or participation with Defendants be temporarily, preliminarily, and permanently be enjoined from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Mobile Pixels that include any reproduction, copy, or colorable imitation of the Mobile Pixels Design;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '975 Patent; and

    c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

C. Entry of an Order that, upon Mobile Pixels request, those with notice of the injunction, including but not limited to any online marketplace platform such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the '975 Patent;

D. That Mobile Pixels be awarded damages adequate to compensate it for Defendants' infringement of the '975 Patent pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

E. In the alternative, that Mobile Pixels be awarded all profits realized by Defendants from Defendants' infringement of the '975 Patent pursuant to 35 U.S.C. § 289;

F.        For enhanced damages pursuant to 35 U.S.C. § 284;

G.        For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

H.        For Mobile Pixel's costs and expenses in this matter; and

I.        For any other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mobile Pixels demands a trial by jury of this action.

Dated: October 30, 2023        Respectfully submitted,

/s/ Thomas P. McNulty
Thomas P. McNulty (BBO # 654,564)
**LANDO & ANASTASI, LLP**
60 State Street – 23rd Floor
Boston, MA 02109
Tel:  (617) 395-7000
Fax:  (617)-395-7070

*Attorney for Plaintiff Mobile Pixels, Inc.*