UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC.,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE PARTNERSHIPS AND  )<br>UNINCORPORATED ASSOCIATIONS  )<br>IDENTIFIED ON SCHEDULE "A",  )<br>  )<br>    Defendants.  )<br>_____) | Case No. 23-cv-12587 ADB<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S *EX PARTE* MOTION AND MEMORANDUM IN SUPPORT FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT. AND EXPEDITED DISCOVERY**

   Plaintiff Mobile Pixels, Inc. ("Mobile Pixels" of "Plaintiff") submits this combined *Ex Parte* Motion and Memorandum in support seeking Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, and expedited discovery (the "*Ex Parte* Motion").

   **I.  INTRODUCTION AND SUMMARY OF ARGUMENT**

   Plaintiff Mobile Pixels is requesting temporary *ex parte* relief based on an action for design patent infringement against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants"). As alleged in Plaintiff's Complaint, Defendants are offering for sale and selling the same unauthorized and unlicensed product, namely an auxiliary monitor for laptop computers that infringe Mobile Pixels' patented design (the "Infringing Products")

1

through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases").

Defendants have targeted sales to Massachusetts residents by setting up and operating e-commerce stores using one or more Seller Aliases through which Massachusetts residents can purchase Infringing Product. The e-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them. Further, Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation. Mobile Pixels is forced to file this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the internet. Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully requests that this Court issue an *ex parte* a Temporary Restraining Order.

## II. STATEMENT OF FACTS

### A. Mobile Pixels Products and Patented Design

Plaintiff Mobile Pixels is a is a California corporation with its principal place of business at 8 Cedar Street, Suite 62, Woburn MA 01801. *See* Declaration of Xiaoliang Yao (the "Yao Declaration" at ¶ 3. Mobile Pixels was founded in 2016 by Mr. Yao and Wenglong Ng to develop and market auxiliary monitors for computers. *Id*. at ¶ 4. In particular, the pair sought to create at least one monitor that could be attached to the back of a laptop monitor and be deployable between a stowed position behind the screen and a display position extending from one or both sides of the laptop monitor, allowing laptop users to experience the convenience of multiple screens without requiring the laptop to be docked to a desktop docking station with

---

[1] The e-commerce stores are listed on Schedule A to the Complaint under the Online Marketplaces.

additional stand-alone monitors. *Id*. Since its founding, Mobile Pixels has achieved considerable success, and its patented designs are well known and distinctive. *Id*. at ¶¶ 7-9. These designs are broadly recognized by consumers. *Id*. Auxiliary monitors styled after these designs are associated with the quality and innovation that the public has come to expect from Mobile Pixels Products. Mobile Pixels uses these designs in connection with its Mobile Pixels Products, including but not limited to United States Design Patent No. D920,975 (the "'975 Patent"). *Id*. Mobile Pixels is the lawful assignee of all right, title and interest in and to the '975 Patent. *Id*. at ¶ 6.

### B. Defendants' Unlawful Activities

Over the last year or so, Mobile Pixels has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. Complaint (dkt. 1) at ¶ 13. Mobile Pixels' well-pled allegations regarding registration patterns, similarities among the e-commerce stores operating under the Seller Aliases and the Infringing Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants and that Defendants are interrelated. If Defendants provide additional credible information regarding their identities, Mobile Pixels will take appropriate steps to amend the complaint.

### III.   ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Mobile Pixels' reputation. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it

would immediately stop the Defendants from benefitting from their wrongful use of the design of the '360 Patent and preserve the status quo until a hearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will register new e-commerce stores under new aliases and move assets to off-shore bank accounts outside of the jurisdiction of this Court.  Courts have recognized that civil actions against infringers present special challenges that justify proceeding on an *ex parte* basis.  *See, e.g., Kay v. Individual Defendants, Partnerships, & Unincorporated Associations*, No. 22-CV-3033--RJD, 2023 WL 4350645, at *2 (S.D. Ill. Apr. 14, 2023)[2] (entering a temporary restraining order without notice to the defendants because "[t]he Court can reasonably expect that if Plaintiff proceeds on notice to the Defendants regarding this Motion for Temporary Restraining Order, Defendants will quickly change the ownership of their e-commerce stores, modify their e-commerce stores' data and content, change payment accounts, redirect consumer traffic to other seller identification names, and/or transfer assets and ownership of Seller IDs."); *Lead Creation Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at *4 (M.D. Fla. Feb. 14, 2023) (entering temporary restraining order without notice to defendants because Plaintiff had demonstrated that, "in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts."); *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately

---

[2] True and correct copies of the unpublished decisions cited herein are attached as Exhibit B to the Declaration of Thomas P. McNulty in Support of Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3), filed herewith.

traffic in infringing merchandise are often useless if notice is given to the infringers."). As such, Mobile Pixels respectfully requests that this Court issue the requested *ex parte* TRO.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and/or (3).

This Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including Massachusetts, through at least the fully interactive, e-commerce stores operating under the Seller Aliases. Specifically, Defendants have targeted sales to Massachusetts residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Massachusetts, accept payment in U.S. Dollars and, on information and belief, have sold Infringing Products to residents of Massachusetts. *See* Complaint at ¶ 15; *see, e.g.*, *Acushnet Co. v. Zimventures, LLC*, 155 F. Supp. 3d 97, 102–03 (D. Mass. 2015) (finding the operation of transactional websites - "websites that invite users to 'enter into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet'" - is generally sufficient to show purposeful availment); *Iovate Health Scis., Inc. v. Allmax Nutrition, Inc.*, 549 F. Supp. 2d 127, 129 (D. Mass. 2008) (finding personal jurisdiction over foreign defendant who operated a website through which Massachusetts residents could purchase accused products, noting "[i]f the defendants take advantage of the opportunity to sell their products in the Commonwealth of Massachusetts and enjoy the right to enforce their contracts in Massachusetts courts, they will necessarily submit themselves to the jurisdiction of Massachusetts courts with respect to claims arising out of those transactions.") Further, courts have specifically found that offering products

for sale in a jurisdiction through third-party interactive websites also constitutes purposeful availment in that jurisdiction. *See, e.g.*, *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020) (finding personal jurisdiction proper over a non-resident defendant operating through e-commerce store operators, including eBay); *Hilsinger Co. v. FBW Investments*, No. 14–14715, 109 F.Supp.3d 409, 429, 2015 WL 3764604, at *15 (D. Mass. June 17, 2015) (Saylor, J.) (finding defendant's maintenance of a partly interactive website was sufficient to satisfy purposeful availment prong "in light of [defendant's] sales into Massachusetts through national retailers," among other factors); *Acushnet Co*, 155 F. Supp. 3d at 104–05 ("Purposeful availment may also be inferred from the utilization of a third-party website, such as when a third-party website makes a defendant's products available for sale, advertises a defendant's products, or directs online traffic to a defendant's website. Under these circumstances, however, personal jurisdiction is proper only if the defendant has exercised some level of "control" over the contents of the third-party site, or alternatively if, by virtue of the third-party site, the defendant has "deliver[ed] its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [s]tate.") (internal citations omitted).

Each of the Defendants is committing tortious acts in Massachusetts, is engaging in interstate commerce, and has wrongfully caused Mobile Pixels substantial injury in Massachusetts.

### A.  Standard for Temporary Restraining Order and Preliminary Injunction

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g.*, *Washington Tr. Advisors, Inc. v. Arnold*, 646 F. Supp. 3d 210, 217 (D. Mass. 2022) ("[t]he Court applies the same standard in assessing Washington Trust's requests for a temporary restraining order and for a preliminary injunction"); *LeBeau v. Spirito,* 703 F.2d 639, 642 (1st Cir.1983) (same).  To obtain injunctive

relief under either a TRO or a preliminary injunction, the plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Id*. (citing *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020)). While all four factors are relevant, likelihood of success is the "main bearing wall" of the preliminary injunction framework. *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 10 (1st Cir. 2013) (citation omitted).

### B. Mobile Pixels Will Likely Succeed on the Merits

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes that patent. 35 U.S.C. 271(a). In this case, Mobile Pixels is the lawful assignee of all right, title and interest in and to the '975 Patent. Yao Declaration at ¶ 6. Mobile Pixels has submitted extensive documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product, namely auxiliary monitors, that infringes directly and/or indirectly the design of the '975 Patent. *Id*. at ¶ 10; *see* Ex. 1 to the Complaint. The documentation submitted by Mobile Pixels shows that an ordinary observer would be deceived into thinking that the Infringing Product was the same as the Mobile Pixels Design. *Reddy v. Lowe's Companies, Inc.*, No. 13-CV-13016-IT, 2015 WL 5634461, at *2 (D. Mass. Sept. 24, 2015) (citing *Egyptian Goddess, Inc v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)) ("[u]nder the ordinary observer test [set forth in the *Egyptian Goddess* decision, infringement occurs [i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, ... the resemblance [between the claimed design and the accused design] is such as to deceive such an observer, inducing him to purchase one supposing it to be the other."); *see also Crocs,*

*Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("To show infringement under the proper test, an ordinary observer ... would [have to] be deceived into believing that the accused product is the same as the patented design.").

Finally, Mobile Pixels has not licensed or authorized Defendants to use the Mobile Pixels Design, and none of the Defendants are authorized retailers of genuine Mobile Pixels Products. Yao Declaration at ¶ 10.  Accordingly, Mobile Pixels is likely to establish a *prima facie* case of design patent infringement.

### C. There is No Adequate Remedy at Law, and Mobile Pixels Will Suffer Irreparable Harm in the Absence of Preliminary Relief

Irreparable harm resulting from design patent infringement is demonstrated when "remedies available at law, such as monetary damages, are inadequate to compensate for [that] injury."  *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). At this stage, Mobile Pixels need only to show that irreparable harm is likely.  *See, e.g.*, *Luminara Worldwide, LLC .v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Here, Mobile Pixels is likely to suffer two primary forms of irreparable harm; (1) loss of customers' goodwill, and (2) reputational harm.  Yao Declaration at ¶¶ 19-23.  Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should issue.  *See, e.g.*, *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) ("Under [the Court of Appeals for the Federal Circuit's] precedent, price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm.") (internal quotes and cites omitted).

Defendants' infringement erodes and devalues Mobile Pixels' rights in the Mobile Pixels Design, thereby risking injury to Mobile Pixels' goodwill and reputation and interfering with

Mobile Pixels' ability to exploit the Mobile Pixels' Design.  Yao Declaration at ¶¶ 19-23.  *See, e.g.*, *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1170 (Fed. Cir. 2014) (citations omitted) (overturning denial of injunctive relief where the district court dismissed evidence showing likely loss of market share and customers, noting that "such factors are pertinent to the irreparable harm inquiry"); *Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1344–45 (Fed. Cir. 2013) (Irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales,  harm to a company's reputation, particularly its perception in the marketplace by customers, dealers, and distributors, and loss of distinctiveness and market lure where competitors can utilize patented features); *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (Upholding grant of injunctive relief where irreparable harm "would include price erosion, damage to ongoing customer relationships, loss of customer goodwill (*e.g.,* when an effort is later made to restore the original price), and loss of business opportunities.").  Indeed, "[w]here two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics*, 717 F.3d at 1345 (finding that the plaintiff had suffered irreparable injury).

        Defendants' infringement of the Mobile Pixels Design by sale of the Infringing Products is likely to cause consumer confusion with the genuine Mobile Pixels Products, resulting in harm to Mobile Pixels' reputation and loss of costumers' goodwill.  Yao Declaration at ¶¶ 19-23.  As established by the Federal Circuit, "[h]arm to the reputation from confusion between an inferior accused product and a patentee's superior product is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure." *Reebok In't Ltd. V. J. Baker, Inc.*, 32 F.3d 1552, 1558 (Fed. Cir. 1994); *see also Tuf-Tite, Inc. v.*

*Fed. Package Networks, Inc.*, No. 14-cv-2060, 2014 WL 6613116, at *8 (N.D. Ill. Nov. 21, 2014) (quoting and relying on *Reebok* in finding irreparable harm).

A casual nexus exists between Defendants' infringement and each of the irreparable harms that Mobile Pixels is suffering. *Apple, Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). Here, Defendants' infringing use of the Mobile Pixels Design in the Infringing Products is a substantial, if not the exclusive, reason for consumer demand of the Infringing Products. *See PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 5210628, at *23-24 (D. Ariz. Sept. 8, 2015), *aff'd*, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are "relatively simple," in the sense that they have a small number of features, the casual nexus requirement is easier to satisfy because the infringing feature has a large impact on the demand for products.")

Finally, because Defendants are individuals and businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any monetary judgment is likely uncollectible. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question); *O2 Micro Int'l Ltd. V. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages."). Further, district courts have found that money damages were insufficient in similar cases involving foreign infringers. *See, e.g., Qin v. Partnerships & Unincorporated Associations on Schedule "A"*, No. 6:21-CV-1243-ADA, 2022 WL 80274, at *3 (W.D. Tex. Jan. 7, 2022) (finding the fact that the defendants were foreign

corporations with no U.S. presence, making collection of monetary judgments unlikely, weighs in favor of a preliminary injunction); *Aevoe Corp v. AE Tech Co., Ltd.*, No. 2:12-cv-0053, 2012 WL 760692, at *5 (D. Nev. Mar. 7, 2012) ("[A] finding of irreparable harm was not clearly erroneous because it also found that since AE Tech is a foreign corporation, money damages would be insufficient."); *Otter Prods.*, 2013 WL 5910882, at *2 ("because Anke has no presence in the United States, it may be difficult or impossible for Otterbox to enforce a monetary judgment against Anke"); *Bushnell, Inc. v. Bruton Co.*, 673 F.Supp.2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction; "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Nike*, 166 F.Supp.3d, at 1179 ("[B]ecause Bestwinn has no presence in the United States, it may be difficult or impossible for NIKE to recover a money judgement against Bestwinn").

For the reasons stated above, Mobile Pixels will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). Lane Declaration at ¶ 24.

### D. The Balancing of Harms Tips in Mobile Pixels' Favor, and the Public Interest Is Served by Entry of the Injunction

As noted above, if the Court is satisfied that Mobile Pixels has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Mobile Pixels will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. As willful infringers, Defendants are entitled to little equitable consideration. This is because any harm to Defendants that could possibly result from a temporary restraining order is self-inflicted.

Defendants took a calculated risk when they engaged in design patent infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk. *See Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 931 (Fed. Cir. 2012) ("the preliminary record suggests that LTC's losses were the result of its own calculated risk in selling a product with knowledge of Celsis' patent").

As Mobile Pixels has demonstrated, Defendants have been profiting from the sale of Infringing Products. Thus, the balance of equities tips decisively in Mobile Pixels' favor. The public is currently under the false impression that Mobile Pixels has granted a license or permission to Defendants with respect to the Mobile Pixels Design. In this case, the injury to the public is significant, and the injunctive relief that Mobile Pixels seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  The four-factor preliminary injunction test applies where, as here, the movant seeks a prejudgment asset "freeze order." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004).

### A.  A Temporary Restraining Order Immediately Enjoining Defendants' Unauthorized and Unlawful Use of the Mobile Pixels Design Is Appropriate

Mobile Pixels requests a temporary injunction requiring the Defendants to immediately cease making, using, offering for sale, selling, and importing any products not authorized by Mobile Pixels and that include any reproduction, copy, or colorable imitation of the design claimed in the Mobile Pixels Design. Such relief is necessary to stop the ongoing harm to Mobile

12

Pixels' control over its rights in the Mobile Pixels Design, its reputation, and associated goodwill, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized use of the Mobile Pixels Design.  The need for *ex parte* relief is magnified in today's global economy where infringers can operate anonymously over the Internet.  Mobile Pixels is currently unaware of both the true identities andc locations of the Defendants, as well as other e-commerce stores used to distribute Infringing Products. Many courts have authorized immediate injunctive relief in similar cases involving the sale of infringing products. *See, e.g., Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F.Supp. 3d 1177, 1178-79 (D. Nev. 2016).

**B. Preventing the Fraudulent Transfer of Assets Is Appropriate**

Mobile Pixels requests an *ex parte* restraint of Defendants' assets so that Mobile Pixels' right to an equitable accounting of Defendants' profits from sales of Infringing Products is not impaired.  Issuing an *ex parte* restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, upon information and belief, the Defendants in this case hold most of their assets in off-shore accounts, making it easy to hide or dispose of assets, which will render an accounting by Mobile Pixels meaningless. Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity.  *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *see also, e.g.*, *Volkswagen AG, et a. v. hkseller*2011, et al.*, No. 18-cv-07621 (N.D. Ill. May 6, 2019) at (dkt. 20), ¶¶ 1-5 (court found that defendants took deliberate action to avoid the asset restraint by transferring most of the money out of its PayPal account in the two

13

days between the hearing on a motion for a temporary restraining order and the entry of the order).

In addition, Mobile Pixels has shown a strong likelihood of succeeding on the merits of its design patent infringement claim, so according to 35 U.S.C. § 289, Mobile Pixels is entitled to recover "the extent of [Defendants'] total profit." Mobile Pixels' Complaint seeks, among other relief, that Defendants account for and pay to Mobile Pixels all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Mobile Pixels' request for a prejudgment asset freeze to preserve relief sought by Mobile Pixels. *See, e.g.*, *Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc.*, 77 F. Supp. 2d 199, 203 (D. Mass. 1999) (granting preliminary injunction on claim for unjust enrichment, noting "[w]hen equitable remedies are demanded, the court held that asset freezing preliminary injunctions remain available if the injunction is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed.) (internal citations omitted); *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) (courts are allowed to issue a restraint on assets for lawsuits seeking equitable relief) (citing *Grupo Mexicano*, *de Desarollo, S.A. v. Aliance Bond Fund*, 527 U.S. 308, 325 (1999)).

Mobile Pixels has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to off-shore bank accounts. Accordingly, an asset restraint is proper.

### D.  Mobile Pixels Is Entitled to Expedited Discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the

merits." *See, e.g.*, *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007). (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Mobile Pixels respectfully requests expedited discovery to discover bank and payment system accounts Defendants use for their sales operations. The expedited discovery requested in Mobile Pixels' Proposed TRO is limited to include only what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. Mobile Pixels' seizure and asset restraint may have little meaningful effect without the requested relief. Accordingly, Mobile Pixels respectfully requests that expedited discovery be granted.

## V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a TRO or preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum,* 889 F.2d 787, 789 (8th Cir. 1989). Because of the strong and unequivocal nature of Mobile Pixels' evidence of design patent infringement, Mobile Pixels respectfully requests that this Court require Mobile Pixels to post a bond of no more than ten thousand U.S. dollars ($10,000.00). *See, e.g., Deckers Outdoor Corporation,* No. 15-cv-3249 (N.D. Ill. June 10, 2015) (ordering release of the $10,000 bond upon entry of default judgment)*.*

## VI. CONCLUSION

Defendants' operations are irreparably harming Mobile Pixels' business, its well-known brand, and consumers. Without entry of the requested relief, Defendants' infringement of the Mobile Pixels Design in connection with the making, using, offering to sell, selling, or importing of the Infringing Products will continue to irreparably harm Mobile Pixels. Therefore, entry of an *ex parte* order is necessary. In view of the foregoing, Mobile Pixels respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith.

Dated: November 16, 2023

Respectfully submitted,

/s/ Thomas P. McNulty
Thomas P. McNulty (BBO # 654,564)
**LANDO & ANASTASI, LLP**
60 State Street – 23rd Floor
Boston, MA 02109
Tel:   (617) 395-7000
Fax:   (617)-395-7070

*Attorney for Plaintiff Mobile Pixels, Inc.*