UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOBILE PIXELS, INC., | ) | Case No. 23-cv-12587 ADB |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A", | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
|     Defendants. | ) | |

**[Proposed] SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels" or "Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and a Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (the "Motions") against the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motions and the accompanying record, this Court GRANTS Mobile Pixels' Motions as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Massachusetts. Specifically, Mobile Pixels has provided a basis to conclude that Defendants have targeted sales to Massachusetts residents by setting up and operating e-commerce stores that target United States consumers using one or

---

[1] The e-commerce store URL's are listed on Schedule A to the Complaint under the Online Marketplaces.

more seller aliases, offer shipping to the United States, including Massachusetts, and have sold the same products that infringe directly and/or indirectly Mobile Pixels' United States design patent (the "Mobile Pixels Design") to residents of Massachusetts.  In this case, Mobile Pixels has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Massachusetts residents by operating one or more commercial, interactive internet stores through which Massachusetts residents can and do purchase the same products that infringe directly and/or indirectly the Mobile Pixels Design.  *See* Ex. 1 to the Complaint, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its infringing goods to customers in Massachusetts that infringe, directly and/or indirectly, the Mobile Pixels Design.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Mobile Pixels has presented specific facts in the Declaration of Xiaoliang Yao in support of the Motions and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.  Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts.  Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:
   a. Offering for sale, selling, and/or importing any products not authorized by Mobile Pixels and that include any reproduction, copy, or colorable imitation of the design claimed in the Mobile Pixels Design;

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Mobile Pixels Design; and

    c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Mobile Pixels is authorized to issue expedited discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36 related to:

    a. The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participating with them, including all known contact information and all associated e-mail addresses;

    b. The nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including without limitation identifying accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions,

    including, without limitation, PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, DHgate, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and Visa).

4. Upon Mobile Pixels' request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, Including, without limitation, any online marketplace platforms such as Amazon.com (collectively, "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Mobile Pixels expedited discovery, limited to copies of documents and records in such persons' or entities' possession and control sufficient to determine:

    a. The identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated email addresses;

    b. The nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including without limitation identifying information associated with the Online Marketplaces and Defendants' financial accounts, including

    Defendants; sales and listing history related to their respective Inline Marketplaces; and

  c. Any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Alipay, eBay, Wish.com, Alibaba, Ant Financial, Amazon Pay, DHGate, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., Mastercard and VISA).

5. Upon Mobile Pixels' request, those with notice of this Order, including Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Mobile Pixels Design.

6. Any Third Party Providers, including without limitation PayPal, Alipay, eBay, Alibaba, Ant Financial, Wish.com, Amazon Pay, and DHGate shall, within seven (7) calendar days of receipt of this Order:

  a. Locate all accounts and funds connected to Defendants' seller aliases, including but not limited to any financial accounts connected to the information listed in Schedule A of the Complaint, the email addresses

> identified in Exhibit 1 to the Complaint, and any email addresses provided for Defendants by third parties; and
>
> b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Mobile Pixels may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an email with a link to said website to the email addresses identified in Exhibit 1 to the Complaint and any email addresses provided for Defendants by third parties.  The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and All Other Defendants identified in the Complaint" that shall apply to all Defendants.  The combination of providing notice via electronic publication and email, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Mobile Pixels must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. Exhibit 1 to the Complaint, Schedule A to the Complaint, and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

10. Within seven (7) calendar days of entry of this Order, Mobile Pixels shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the District of Massachusetts Local Rules.  Any third party impacted by this Order may move for appropriate relief.

12. This Temporary Restraining Order without notice is entered at _____ on this __th day of November 2023 and shall remain in effect for fourteen (14) calendar days.  Any motion to extend this Order must be filed by November ___th, 2023.

_____

Allison D. Burroughs
United States District Judge