UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" <br><br> Defendants. | Civil Action No. 23-cv-12587 ADB |

**OPPOSITION TO DEFENDANTS' MOTION
REQUESTING PLAINTIFF SUBMIT A BOND**

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels"), by and through its counsel, opposes Defendants' Motion Requesting Plaintiff Submit a Bond and moves this Court to extend the TRO pending conclusion of bond negotiations and expert rebuttal. As support for this, Mobile Pixels reiterates the arguments made in its previous motions and opposition to the Defendants' Motion to Dissolve the TRO. *See* ECF Nos. 10, 36, 50.

I.   **Statement of Facts**

At or about 11:30AM on December 7, 2023, Plaintiff filed a Notice of Compliance indicating that Mobile Pixels had provided two initial bond proposals to the Defendants. Plaintiff did this to comply with the Court's order of December 6, 2023 ("Wednesday Order") instructing Plaintiff to provide a bond proposal. As of the filing of this document, the parties have not reached agreement on the precise amount for the bonds. In some cases, parties are considering settlement offers, but because a large portion of the parties are located in China (a roughly 13 hour difference), some of the parties have not been able to consider and reply to the offers.

Plaintiff is also in the process of identifying an expert witness to rebut Jim Gandy, and requires time to do so, as the Court observed on December 6, 2023.

With respect to the bond proposal, Mobile Pixels analyzed the infringing products' revenues (as disclosed by Amazon and associated with given ASINs) over the full period of time for which Mobile Pixels is entitled to recover damages. Mobile Pixels identified the net proceeds, reduced the net proceeds to a monthly sales and bimonthly sales (e.g., 14 day and 30 day periods), calculated a lift for December based on the possibility that December might be a high-sales month for some Defendants, determined a profit margin, and then proposed two values. The first value was a rounded value of the profit margin, and would represent Mobile Pixels' damages in terms of lost profit. The second value was based on the Court's recommendation to use the settlement amounts to propose a number. For example, the highest amount for a single Defendant in the first set of values was $240k, and in the second set of values, was $50k.

Mobile Pixels further identified the relevant parties by their external seller ID (issued by Amazon), and the Company name of the seller, in so far as said data was available from Amazon. Mobile Pixels also noted, to the Defendants, that a significant number of the offending ASINs covered by the TRO (approximately 1/4 to 1/3 of the ASINs) remained online an accessible, and that Mobile Pixels would, as a gesture of good faith, not seek to enforce the TRO against the still-online ASINs pending negotiations with the parties.

At present the largest group of Defendants and Mobile Pixels have not reached agreement on a bond or settlement amount.

II.     **Response to Defendants' Notice of Efforts to Resolve Bonds**

On December 7, 2023, Defendants filed a Notice of Efforts to Resolve Bonds. ECF No. 68 ("Motion"). While styled as a notice, the Defendants' filing is a Motion as it requests affirmative relief.

Defendant argues that Plaintiff offered to settle the entire case for $10,000. This is untrue. Mobile Pixels, through Chinese counsel, submitted approximately 35 emails to the parties identified in this litigation offering each of them individually an opportunity to settle the case. One such example, different from the example included by Defendants, is attached hereto as Ex. A. A declaration is attached hereto as Ex. B from Kevin Eckert explaining what was done.

There is no need for Plaintiff to provide a bond provided the TRO is dissolved. The purpose of the bond posted with the TRO is to protect Defendants from damages that might arise due to the TRO. Defendants have presented no evidence of lost profits or damages in their motion. However, the bond set for the Defendants does continue to serve a purpose as the Defendants are largely foreign entities that could move their assets offshore and beyond the reach of the Court. Therefore, the Court should require a bond from the Defendants only.

The bond required from Defendants should be higher than that suggested by the Defendants. As explained in the statement of facts, *supra*, Plaintiff calculated the bond amounts based on sales made during the period of time to which Mobile Pixels is entitled to recover. The purpose of Defendants' bond is to protect Mobile Pixels from the risk of Defendants absconding with funds overseas. Ex. C is attached showing Mobile Pixels proposals for bond amounts provided to the Defendants.[1] The Court should require the Defendants to identify themselves by Amazon Seller IDs so that the appropriate bond amount can be required from each Defendant.

---

[1] Defendants have not provided any reasoning for their bond amounts. For example, Defendants did not disclose their own measure of their profits or expected losses, or provide any

3

No action is required with respect to the platforms as the Platforms have already been informed of when the TRO ends. Likewise, Mobile Pixels cannot provide the relief requested by the Defendants because Mobile Pixels is not the entity that controls Defendants' financial accounts. Accordingly, demands 4-6 of the Defendants should not be granted.

### III.     Conclusion

The parties have not reached agreement on the bond amount, and are still considering the settlement offers made by Mobile Pixels. Mobile Pixels is still vetting expert witnesses and requires time to do so. Accordingly, the TRO should be extended to maintain the status quo pending resolution of negotiations and to allow Mobile Pixels to respond to Jim Gandy.

Furthermore, as laid out in Mobile Pixels' earlier motions and opposition, Mobile Pixels is likely to succeed on the merits. Therefore, the TRO should be extended. Accordingly, Mobile Pixels renews its request that the TRO be extended by fourteen (14) days from December 7, 2023, to December 21, 2023.

---

reasoning whatsoever to substantiate their position during negotiations. Defendants do not provide any reasoning in their present motion either.

Dated: December 7, 2023                    Respectfully submitted,

By:     /s/ Kevin M. Eckert
Kevin M. Eckert (VBA 89140)
LANDO & ANASTASI, LLP
60 State Street, 23rd Floor
Boston, MA 02109
Tel:   (617) 395-7000
Fax:   (617) 395-7070
Email: keckert@lalaw.com

Thomas P. McNulty (BBO # 654,564)
LANDO & ANASTASI, LLP
60 State Street — 23rd Floor
Boston, MA 02109
Tel: (617)-395-7000
Fax: (617)-495-7070

*Attorneys for Plaintiff Mobile Pixels Inc..*

**CERTIFICATE OF SERVICE**

I certify that on December 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via e-mail in PDF format.

/s/  Kevin M. Eckert
Kevin M. Eckert