UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 23-cv-12587-ADB |
| THE PARTNERSHIPS AND | * |
| UNINCORPORATED ASSOCIATIONS | * |
| IDENTIFIED ON SCHEDULE "A", | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels") alleges that The Partnerships and Unincorporated Associations Identified on Schedule "A" of its complaint ("Defendants"), [ECF No. 1-7], infringe upon its design patent, U.S. Patent No. D920,975, [ECF No. 1 ¶ 6 ("Compl." or "Complaint")].  On November 21, 2023, the Court entered an ex parte temporary restraining order against Defendants.  [ECF No. 12 ("TRO")].  Before the Court is certain Defendants' ("Moving Defendants")[1] motion to vacate the TRO ("Motion to Vacate") and for a cross-temporary restraining order ("Cross-TRO"), [ECF No. 39], which Mobile Pixels opposed on December 5, 2023, [ECF No. 59].  The Cross-TRO requests that Mobile Pixels be prohibited from filing patent infringement complaints with Amazon.

---

[1] The Moving Defendants are Shenzhenshi Haogainian Dianzikeji Youxiangongsi (d/b/a "YUTOO"), XFANIC GROUP HK LIMITED (Hong Zhang) (d/b/a "SOOMFON OFFICIAL"), shenzhenshiyidaishumakeji Co.ltd-huang yuan qiong (d/b/a "LY.gainianUS1"), and Donguanshi shuangshengle shangmao youxiangongsi (d/b/a "SacredMusic").  [ECF No. 39 at 1].

As an initial matter, on December 8, 2023, the Court vacated the TRO as to the Moving Defendants, and thus the Motion to Vacate is DENIED as moot. [ECF Nos. 71–76]. In addition, for the reasons set forth below, the motion for a Cross-TRO is DENIED.

"In evaluating a motion for a temporary restraining order, the Court considers the same four factors that apply to a motion for preliminary injunction, that is: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence [of] preliminary relief, the balance of equities, and whether an injunction is in the public interest." Kilmowicz v. Deutsche Bank Nat'l Tr. Co., 192 F. Supp. 3d 251, 253 (D. Mass. 2016) (citing Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)). The moving party bears the burden of satisfying each of these four elements. See id. (citing Nieves–Marquez v. P.R., 353 F.3d 108, 120 (1st Cir. 2003)). While the Court must consider all four factors, a movant's failure to demonstrate a likelihood of success on the merits is fatal to a request for either form of relief. Id. (citation omitted). Therefore "[i]f the moving party cannot demonstrate that [it] is likely to succeed in [its] quest, the remaining factors become matters of idle curiosity." Id. (quoting New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (emphasis removed)). Granting of a preliminary injunction is "an 'extraordinary and drastic remedy' . . . that 'is never awarded as of right.'" Voice of the Arab World, 645 F.3d at 32 (quoting Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

Here, the Court finds that Moving Defendants have not met their burden to establish a likelihood of success on the merits. As the basis for their motion, Moving Defendants argue that there is a "strong likelihood that the Court will determine [that] the Plaintiff committed fraud by using an invalid design patent to initiate this lawsuit and misrepresented the Court in issuing the TRO." [ECF No. 39 at 37]. Notwithstanding the fact that Moving Defendants have not asserted

claims for fraud or unlawful misrepresentation, even if they had, they have not provided the Court with sufficient evidence or a legal basis to make a finding that they are likely to succeed on such claims.

Moreover, although the Court has considered Moving Defendants' arguments regarding irreparable harm, the balance of equities, and whether an injunction is in the public interest, [ECF No. 39 at 35–38, 40]; see Kilmowicz, 192 F. Supp. 3d at 253, any merit to these arguments is outweighed by Moving Defendants' failure to show a likelihood of success on their purported claims.  Accordingly, the motion for the Cross-TRO is DENIED.  See Kilmowicz, 192 F. Supp. 3d at 253 (citation omitted).

**SO ORDERED.**

December 15, 2023                                              /s/ Allison D. Burroughs
                                                               ALLISON D. BURROUGHS
                                                               U.S. DISTRICT JUDGE