-UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Civil Action No.:  1:23 CV 12587- ADB |

## DEFENDANTS'[1] ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants Shenzhenshi Haogainian Dianzikeji Youxiangongsi (d/b/a "YUTOO"), and shenzhenshiyidaishumakeji Co.ltd-huang yuan qiong  (d/b/a "LY.gainianUS1") (Collectively "Defendants"), hereby file their Answer, Affirmative Defenses, and Counterclaim to the Complaint of Mobile Pixels, Inc.("Plaintiff").

## PARTIES

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 1.

2. Defendants admit they operate e-commerce stores. The remaining allegations in paragraph 2 are denied. Defendants deny the substance of the alleged claims.

3. Denied.

---

[1] Shenzhenshi Haogainian Dianzikeji Youxiangongsi (d/b/a "YUTOO"), and shenzhenshiyidaishumakeji Co.ltd-huang yuan qiong  (d/b/a "LY.gainianUS1")

## JURISDICTION AND VENUE

4. Paragraph 4 sets forth a conclusion of law to which no response. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 4.

5. Paragraph 5 sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendants admit that they operate e-commerce stores but deny the remaining allegations set forth in paragraph 5.

## INTRODUCTION

6. Defendants admit that they operate e-commerce stores. Defendants are without knowledge or information sufficient to form a belief as to the reasons why Mobile Pixel's filed this Action. Defendants deny the remaining allegations in paragraph 6.

## MOBILE PIXELS' 975 PATENT

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 7.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 8.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 11.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 12.

## DEFENDANTS' UNLAWFUL CONDUCT

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 13.

14. Denied.

15. Denied..

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT I
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D920,975

25. Defendants incorporate by reference their answers in Paragraphs 1 through 24 above.

26. Denied.

27. Denied.

28. Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny any and all remaining allegations not specifically admitted and deny that Plaintiff is entitled to the relief requested in paragraphs A through I of its Prayer for Relief, or to any relief at all. To the extent that any statement in Plaintiff's Prayer for Relief is considered to contain factual allegations that require a response, Defendants deny each and every such allegation.

## JURY DEMAND

Defendants demand a trial by jury on all claims and issues so triable.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without altering the burden of proof, Defendants assert the following defenses based on an investigation that is not yet complete. Defendants' investigation of their defenses is continuing, and Defendants reserve the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defense, at law or inequity, that may now exist or in the future may be available based on discovery and further investigation in this case.

### First Affirmative Defense

Plaintiff fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Defendants have not infringed, nor are they infringing Plaintiff's U.S. Patent D920,975.

### Third Affirmative Defense

The '975 Patent is invalid for failing to satisfy at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

The '975 Patent is unenforceable for inequitable conduct before the USPTO.

### Fifth Affirmative Defense

Plaintiff cannot establish that it has suffered any damages as a result of any of the conduct alleged in the Complaint.

### Sixth Affirmative Defense

Plaintiff is barred from seeking injunctive relief because it cannot show that it will suffer irreparable harm from the alleged infringement because the alleged injury to Plaintiff, if any, would be adequately compensated by damages.

### Seventh Affirmative Defense

Plaintiff seeks enhanced damages and an award of fees and costs have no basis in fact or law and should be denied.

### Eighth Affirmative Defense

Plaintiff's action is barred, in whole or in part, under the doctrine of waiver, stopper, laches, ratification, unclean hands, and/or acquiescence.

### Ninth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by reason of patent misuse as Plaintiff unlawfully attempted to enforce the '975 Patent when Plaintiff knew or should have known that its claim is invalid and/or not infringed.

### Tenth Affirmative Defense

Plaintiff is precluded from recovering damages, in whole or in part, under the provisions of 35 U.S.C. § 286 and/or § 287.

### Other Affirmative Defenses Reserved

Defendants have insufficient knowledge and information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. Defendants expressly reserve the right to assert any other legal or equitable defenses that may be available to Defendants based upon legal theories which may or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's claim and positions in this litigation

## COUNTERCLAIMS

Defendants Shenzhenshi Haogainian Dianzikeji Youxiangongsi (d/b/a "YUTOO"), and shenzhenshiyidaishumakeji Co.ltd-huang yuan qiong (d/b/a "LY.gainianUS1")(Collectively "Counterclaim-Plaintiffs"), allege Counterclaims against Plaintiff/Counterclaim-Defendant Mobile Pixel, Inc as follows:

## INTRODUCTION

1. Mobile Pixels Inc. ("Mobile") filed this bad faith so-called Schedule A infringement claim[2] in an effort to delist competitors' products (including the Counterclaim Plaintiffs) from the Amazon Marketplace, artificially and unfairly eliminate competition, improperly attempt to monopolize and market, increase its market share, and then extract settlement payments. Without notice to its competitors and upon nothing more than formulaic

---

[2] See Goldman, Eric, ASAD Scheme of Abusive Intellectual Property Litigation, 123 Columbia Law Review Forum 183 (November 20, 2023), a copy of which is attached as Exhibit A. The Article identifies and describes a sophisticated system of mass-defendant intellectual property litigation called the "Schedule A Defendants Scheme" targeting online merchants in an effort to extract settlements from online merchants without satisfying basic procedural safeguards." Amazon has also filed three lawsuits in the United States District Court Western District of Washington seeking to eliminate similar unlawful submissions of false assertions of copyright and other intellectual property rights to "stifle competition." This is the exact scheme attempted by Mobile in this case.

generic non-product specific allegations, [3] Mobile filed a baseless request for a temporary restraining order ("TRO") with the specific intent of eliminating its competition. Unchallenged, a TRO was issued that caused immediate harm and significant financial damage to a group of innocent third party merchants, which were all delisted and precluded from selling products on Amazon at a significant loss in revenue. With the TRO, Mobile received an immediate benefit in the form of the elimination of virtually all of its competition and then attempted to extract money from each of its competitors (all of whom were suffering from direct financial duress from the TRO). Through this Counterclaim the Counterclaim Plaintiffs seek damages from Mobile's bad faith efforts to enforce a defective and invalid patent, its intentional and targeted interference with their existing contractual relationships with Amazon, and it unfair and deceptive trade practices.

## PARTIES

2.  The Counterclaim Plaintiffs are unrelated companies that manufacture, distribute and sell consumer electronic products including laptop monitor extenders either through their own sites or third party marketplace sites such as Amazon. The Counterclaim Plaintiffs are Mobile's primary competitors which own patents for the specific products they sell.

3.  Mobile is a California corporation with a principal place of business at 8 Cedar Street, Suite 62, Woburn, Massachusetts. Mobile is a sophisticated consumer electronic company that sells laptop monitor extender. On information and believe Mobile has a substantial share of the U.S. market for laptop monitor extenders sold on the Amazon platform and is

---

[3] Mobile's Complaint contains no defendant specific allegations to establish jurisdiction in Massachusetts and comply with minimal due process. Nor is there any specific facts to establish joinder of all of these Defendants in a single action. Rather, the jurisdictional allegations and the joinder allegations are generic and it appears that Mobile's attorneys failed to conduct even the most limited investigation of each of the defendants before filing the Complaint. The Counterclaim Plaintiffs reserve their right to pursue Rule 11 sanctions against Mobile's attorneys.

attempting to monopolize this category. Mobile has approximately $20 million in sales and recently raised more than $8 million through private investors.

4. Xiaoliang (John) Yao is a co-founder and chief executive officer of Mobile. On information and belief, Yao participated in and directed the specific targeted effort to eliminate competition and unfairly and deceptively increase his company's business.

## BACKGROUND

5. Counterclaim-Plaintiffs and Mobile are competing online manufacturers and retailers that each own patents and produce laptop monitor extenders.

6. Specifically, Counterclaims Plaintiffs own two patents a design patent (Patent No. D938,436 and a utility patent (Patent No. 11,487,328) and Mobile owns a design patent D920,975 ("'975 Patent" or "Asserted Patent").

7. In May 2022 the Counterclaim Plaintiffs and Mobile marketed their competing products and sold their competing products primarily through Amazon.

8. Mobile knew that the Counterclaim Plaintiffs and others were selling competing products but never provided notice of any alleged infringement. Rather Mobile continued to compete in the marketplace with the Counterclaim Plaintiffs and others.

9. In or around October 2023, Mobile and on information and belief Yao engaged in an unlawful scheme to gain monopoly power and reduce competition through false allegations of patent infringement and an aggressive prosecution of its competitors (which were predominately foreign companies based in China) with on information and belief limited financial resources.

10. Mobile knew that Amazon has a policy and practice of delisting sellers for any claim of intellectual property infringement without investigation; delisting of a product from

Amazon causes the seller immediate financial harm, direct loss of revenue, profit and existing cash held on account with Amazon; and delisting would eliminate Mobile's competitors from the marketplace i.e., the Amazon platform in the U.S. market for laptop monitor extenders, and attain monopoly power.

11. On information and belief, Mobile knew that the patent were invalid and unenforceable, and/or knew Counterclaim Plaintiffs' products did not infringe Mobile's patent when it filed the lawsuit and sought a temporary restraining order, but made a strategic decision based upon the immediate financial benefit to request temporary restraining order.

12. With this knowledge on October 30, 2023, Mobile filed an Action against all of its competitors including the Counterclaim Plaintiffs with the express intent to cause financial harm to its competitors and gaining an unfair (and artificial) competitive advantage in the marketplace.

13. On information and belief, neither Mobile nor its counsel conducted an investigation related into the alleged infringement, had any specific facts to support specific contacts with Massachusetts (to subject these foreign companies to a lawsuit in Massachusetts) or had any information to support that Mobile's marketplace competitors were working collaboratively or collectively.

14. Instead, Mobile and its counsel included generic, non-specific formulaic allegations in its complaint. These allegations were copied virtually verbatim from another so-called Schedule A infringement claim filed by Oakley, Inc. in the United States District Court for Northern District of Illinois captioned <u>Oakley Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule A</u>, Civil Action No. 2023-cv-14388 (the "Oakley Case"). A copy of this Complaint is attached as **Exhibit B.**

15. Mobile and Yao subsequently submitted a Declaration of Yao in support of a temporary restraining order ("Yao Affidavit"). The facts alleged in the Yao affidavit were copied effectively verbatim from an affidavit filed in the Oakley Case. **Exhibit C**.

16. On information and belief, Yao Affidavit is not based upon personal knowledge but instead was a summary adoption of an affidavit filed in the Oakely Case. On information and belief, Yao knew that at least a portion of the facts contained his Affidavit were either false or intended to mislead and signed the Yao Affidavit for the particular purpose of eliminating his competition.

17. Specifically, the Yao Affidavit includes facts necessary to establish jurisdiction over his competitors many of whom he knew or should have known never sold any products in nor "targeted" Massachusetts.

18. In an effort to avoid any challenge to requested temporary restraining or the allegations in the Yao Affidavit Mobile requested *ex parte* relief under seal.

19. Without notice of any of the allegations asserted against them or an opportunity to be heard, on or about November 21, 2023 the Court issued a TRO based upon the generic unchallenged facts contained in the Yao Affidavit.

20. The Court scheduled a hearing for a preliminary injunction on December 4, 2023.

21. Mobile intentionally failed to provided notice to any of its competitors. Instead, Mobile immediately effectuated their true but impermissible intent to disrupt competition by providing a copy of the TRO to Amazon.

22. On or about November 27, 2023, the Counterclaim Plaintiffs received notice from Amazon that they were delisted and that accounts containing virtually all of their operating funds

10

were frozen. Without cash or a market to sell product, the TRO essentially eliminated the operation of the Counterclaim Plaintiffs.

23. Neither Mobile nor its counsel provide notice to the Counterclaim Plaintiffs of the TRO, the complaint or a hearing on the preliminary injunction.

22. With all of the assets frozen and an inability to sell the products Mobile through Yao attempted to extract settlement payments from its competitors including the Counterclaim Plaintiffs.

23. On December 6, 2023, the Court held a hearing on the Preliminary Injunction and through a bond order dated December 8, 2023, the Court effectively dissolved the TRO.

24. On or about December 15, 2023, Amazon reinstated the Counterclaim Plaintiffs.

**COUNTERCLAIM I**
**(Declaratory Judgment of Non-Infringement of the U.S. Patent No. D920,975)**

25. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 24 as if set forth fully herein.

26. Counterclaim Plaintiffs have not infringed any valid and/or enforceable claim of the '975 patent and are entitled to a declaration to the effect.

27. Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Counterclaim Plaintiffs are entitled to a declaratory judgment that they have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '975 Patent, whether directly, indirectly, literally, under the doctrine of equivalents, or willfully.

28. This is an exceptional case entitling Counterclaim Plaintiffs to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## COUNTERCLAIM II
### (Declaratory Judgment of Invalidity of the U.S. Patent No. D920,975)

29. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 28 as if set forth fully herein.

30. The claims of the '975 Patent are invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

31. Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Counterclaim Plaintiffs is entitled to a declaratory judgment that the asserted claims of the '975 Patent is invalid.

32. Absent a declaration of invalidity, Counterclaim Defendant will continue to wrongfully assert the '975 patent against Counterclaim Plaintiffs, and thereby cause Counterclaim Plaintiffs irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Counterclaim Plaintiffs and Counterclaim Defendant.

33. This is an exceptional case entitling Counterclaim Plaintiffs to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## COUNTERCLAIM III
### (Tortious Interference With Contractual Relations)

34. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 33 as if set forth fully herein.

35. Counterclaim Plaintiffs have a valid and existing contract with Amazon in order to sell their products through Amazon.com

36. Counterclaim Plaintiffs are informed and believes, and on that basis alleges, that Counterclaim Defendant knew of Counterclaim Plaintiffs' contractual relationships with Amazon.

37. Counterclaim Plaintiffs are informed and believes, and on that basis alleges, that Counterclaim Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Counterclaim Plaintiffs in order to have Counterclaim Plaintiffs' listing removed before the upcoming Christmas season and eliminate Counterclaim Plaintiffs' lawful competition.

38. As a result of Counterclaim Defendant's improper acts, Counterclaim Plaintiffs' listings were removed from Amazon.

39. Counterclaim Plaintiffs have suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

40. Counterclaim Defendant's efforts to have Counterclaim Plaintiffs' products delisted through improper means was and is unlawful and fraudulent.

41. As a direct result of Counterclaim Defendant's above-described actions, Counterclaim Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNTERCLAIM IV
**(Tortious Interference With Prospective Advantageous Business Relations)**

42. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 41 as if set forth fully herein.

43. Counterclaim Plaintiffs' ongoing business relationship with Amazon included the selling of products now delisted as a result of Counterclaim Defendant's frivolous and spurious infringement complaint.

44. Counterclaim Plaintiffs' ongoing business relationship with Amazon includes the current sale of products that Counterclaim Defendant claims are infringing.

45. Counterclaim Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Counterclaim Plaintiffs and Amazon regarding Counterclaim Plaintiffs' allegedly infringing products.

46. Counterclaim Defendant intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove Counterclaim Plaintiffs' listing, thus denying the future and ongoing business relationship between Counterclaim Plaintiffs with Amazon.

47. Counterclaim Defendant knew that the removal of Counterclaim Plaintiffs' product listings would harm Counterclaim Plaintiffs' business and would benefit Counterclaim Defendant due to it having less competition. The Counterclaim Defendant intended to harm Counterclaim Plaintiffs by fraudulently convincing Amazon to remove Counterclaim Plaintiffs' product listing.

48. Counterclaim Defendant has no privilege or justification in interfering with Counterclaim Plaintiffs' relationship with Amazon.

49. As a result of Counterclaim Defendant's interference with Counterclaim Plaintiffs' ongoing and future relationship with Amazon, Counterclaim Plaintiffs have incurred damages and will continue to incur damages

Case 1:23-cv-12587-ADB   Document 83   Filed 12/27/23   Page 15 of 20

50. The damages to Counterclaim Plaintiffs should their products be delisted as a result of Counterclaim Defendants' frivolous complaint against Counterclaim Plaintiffs will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products

51. The delisting of Counterclaim Plaintiffs' ASINs would result in an immediate and ongoing detrimental impact on Counterclaim Plaintiffs' ability to conduct business, remain profitable, and damage Counterclaim Plaintiffs' product's rankings and reviews, loss of Counterclaim Plaintiffs' goodwill and reputation on the Amazon marketplace. The damage to Counterclaim Plaintiffs should its product continue to be delisted as a result of Counterclaim Defendant's frivolous complaints against Counterclaim Plaintiffs is incalculable and irreparable.

52. As a direct result of Counterclaim Defendant's above-described actions, Counterclaim Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNTERCLAIM V
### (Trade Libel And Injurious Falsehood)

53. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 52 as if set forth fully herein.

54. On information and belief, Counterclaim Defendant has published and distributed to Counterclaim Plaintiffs' existing customers literature containing willful, false statements concerning '975 Patent infringement.

55. On information and belief, Counterclaim Defendant has published and distributed to Counterclaim Plaintiffs' existing customers literature containing willful, false statements tending to denigrate Plaintiff and the quality and authenticity of Counterclaim Plaintiffs' products.

15

56.     On information and belief, the publication and distribution of such willful, false statements by Counterclaim Defendant is intentionally calculated to deflect others from dealing with Counterclaim Plaintiffs and otherwise interfere with Counterclaim Plaintiffs' relations with others, to Counterclaim Plaintiffs' detriment.

57.     As a result of the publication and distribution of such willful, false statements by Counterclaim Defendant, Counterclaim Plaintiffs have and will continue to suffer substantial losses, including, but not limited to, damages to its business, to its reputation, and to the goodwill that Counterclaim Plaintiffs has established in their products.

58.     As a direct and proximate result of the foregoing, Counterclaim Defendant is liable to Counterclaim Plaintiffs for trade libel and injurious falsehood under Massachusetts common law.

59.     As a direct result of Counterclaim Defendant's above-described actions, Counterclaim Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNTERCLAIM VI
### (Unjust Enrichment/Restitution)

60.     Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 59 as if set forth fully herein.

61.     Mobile unjustly received benefits at Counterclaim Plaintiffs' expense through their wrongful conduct including its interference with Counterclaim Plaintiffs' business relationship with Amazon.  Mobile continues to retain these benefits at Counterclaim Plaintiffs' expense.

## COUNTERCLAIM VII
**Violation of M.G.L. c. 93A**

62. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 61 as if set forth fully herein.

63. At all times material and relevant hereto, Mobile and the Counterclaim Plaintiffs were engaged in the conduct of trade and commerce in Massachusetts.

64. Mobile has engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A §§ 2 and 11 including without limitation:

- Attempting to enforce a patent in bad faith;

- Filing a baseless lawsuit and request for injunctive relief (in spite of the evidence) for an anti-competitive purpose and for the purpose of impermissibly interfering with Counterclaim Plaintiffs' business relations;

- Specifically targeting its competition with an ex parte TRO in an effort to eliminate competition;

- Attempting to extract a settlement payment solely to allow the Counterclaim Plaintiffs to engage in business.

65. The Counterclaim Plaintiffs have suffered actual damages as a result of Mobile's unfair and deceptive acts.

## COUNTERCLAIM VIII
**(Attempted Monopolization Under 15 U.S.C. § 2)**

66. Counterclaim Plaintiffs repeat and reallege the allegations of the preceding counterclaim Paragraphs 1 to 65 as if set forth fully herein.

67. On information and belief, Mobile knew that the patents were invalid and unenforceable and/or knew Counterclaim Plaintiffs' products did not infringe Mobile's patent when it filed the lawsuit, sought a temporary restraining order, and then communicated with Amazon.

68. Nevertheless, Mobile made a strategic decision based upon the immediate financial benefit to file sham litigation and request temporary restraining order with no reasonable basis for doing so and with no purpose than to unfairly eliminate competition and obtain a monopoly.

69. On information and belief, Mobile's lawsuit and request for temporary restraining order were objectively baseless and an attempt to interfere directly with its competitors' business relations through the use of government process as a competitive weapon.

70. On information and belief, there is a dangerous probability that Mobile will achieve a monopoly power in the laptop monitor extender marketplace on the Amazon platform in the United States. Specifically, through this action, Mobile attempts to eliminate all of its competitors on Amazon.

71. As a result of Mobile's conduct and anti-competitive acts, Counterclaim Plaintiffs have suffered and will continue to suffer antitrust injury.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs respectfully request that the Court:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Enter Judgment in favor of Counterclaim Plaintiffs;

C. Declare that Counterclaim Plaintiffs have not infringed the '975 Patent;

D. Declare that the '975 Patent is invalid;

E. Declare that this case is exceptional and that Counterclaim Defendant be ordered to pay Counterclaim Plaintiffs their reasonable attorneys' fees and costs, pursuant to 35 U.S.C.§ 285;

F. Award Counterclaim Plaintiffs multiple damages, attorneys' fees and costs pursuant to M.G.L. c. 93A § 9, and other state consumer protection statutes;

G. Disgorgement of the ill-gotten gains derived by Counterclaim Defendant from its misconduct described herein;

H. Award such further and additional relief as is necessary to correct for the anticompetitive market effects caused by the Counter Defendant's unlawful conduct, as the Court may deem just and proper under the circumstances.

I. Award Counterclaim Plaintiff such other legal and equitable relief as the Court deem just and proper.

/s/ *Ruoting Men*

Ruoting Men, Esq.
Tao Liu
Wei Wang
**GLACIER LAW LLP**
41 Madison Avenue, Ste. 2529
New York, NY 10010
Ruoting.men@glacier.law
Tao.liu@glacier.law
Wei.wang@glacier.law
312-270-0413
***Attorneys for Defendants***

Local Counsel
Richard E. Briansky (BBO#632709)
**PECKAR & ABRAMSON, P.C**.
28 State Street – Suite 1802 Boston, MA 02109
Tel: (857) 284-8155 Fax: (617)-206-1998

***Attorneys for Defendants***

| | |
|---|---|
| Dated: December 27, 2023 | /s/ *Ruoting Men* |
| | Ruoting Men, Esq. |
| | Tao Liu |
| | Wei Wang |
| | **GLACIER LAW LLP** |
| | 41 Madison Avenue, Ste. 2529 |
| | New York, NY 10010 |
| | Ruoting.men@glacier.law |
| | Tao.liu@glacier.law |
| | Wei.wang@glacier.law |
| | 312-270-0413 |
| | ***Attorneys for Plaintiff*** |

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2023, I electronically filed Defendants' Answer, Affirmative Defenses, and Counterclaim with the United States District Court of the District of Massachusetts, via its ECF e-filing System, which will serve a true and correct copy on all counsel of record.

/s/ Ruoting Men
Ruoting Men