UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOBILE PIXELS, INC.,

                Plaintiff,

        v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                Defendants.

Civil Action No.:  1:23 CV 12587- ADB

**DEFENDANTS' BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ....................................................................1

LEGAL STANDARD ..............................................................................................................2

ARGUMENT .......................................................................................................................2

    A.    This Court lacks general jurisdiction over Defendant. ............................................2
    B.    This Court lacks specific jurisdiction over Defendant. ...........................................3

CONCLUSION .....................................................................................................................4

LOCAL RULE 7.1(a)(2) CERTIFICATION .............................................................................6

CERTIFICATE OF SERVICE ................................................................................................7

## INTRODUCTION

This matter is a patent action wherein Plaintiff Mobile Pixels, Inc. seeks a judgment that defendants identified on Schedule "A" of its complaint infringe the U.S. Patent No. D920,975. In particular, Defendants are companies incorporated under the laws of China, with its principal place of business in China, and with no operations or connection to the District of Massachusetts.

Defendants SacredMusic, SOONFON OFFICIAL, and Domyfan US(collectively "Defendants"), therefore, moves to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2023, Plaintiff, a California corporation, filed a complaint for design patent infringement of U.S. Patent No. D920,975 against a number of defendants identified on Schedule "A" of its complaint, including Defendants [ECF. No. 1].

On November 21, 2023, the Court entered a temporary restraining order against Defendants. [ECF No. 12].

As alleged by Plaintiff, each of the defendants has directly targeted sales from Massachusetts residents by operating online stores that offer to sell infringing products and has sold products to Massachusetts. [ECF. No. 1, ¶5].

However, Defendants have no connection to Massachusetts whatsoever. *See* Decl. of Gu; Decl. of Wang; Decl. of Zhang ¶¶5-15. Defendants are small businesses operated by a resident of People's Republic of China. *Id*. Regarding the alleged infringing product in this present case, no transaction was ever made to Massachusetts. *Id*. at ¶13. The uncontroverted evidence here is that there are no relevant contacts whatsoever, let alone "minimum contacts" with Massachusetts. *Id*.

## LEGAL STANDARD

"On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." *Astro–Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009).

## ARGUMENT

**A.  This Court lacks general jurisdiction over Defendants.**

General jurisdiction requires "'continuous and systematic activity, unrelated to the suit, in the forum state.'" *United States v. Swiss Am. Bank*, 274 F.3d 610, 618 (1st Cir. 2001). Unless Defendants are headquartered or incorporated in Massachusetts (which it is not), Plaintiff must show that Defendant are "'essentially at home in the forum State.'" *See Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11, 139 n.19 (2014)(*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). This requires exceptional circumstances, which Plaintiff has not alleged or shown. *Id*.

In its complaint, Plaintiff has not pled any facts that come close to meeting this high standard. Plaintiff does not allege, for example, that Defendants have offices, employees, or property in Massachusetts. Plaintiff cannot establish general jurisdiction. Defendants are all companies registered and headquartered in China.

There is no allegation that Defendants have any offices, facilities, real or personal property, telephone numbers, mailing addresses, or employees in Massachusetts - much less the kind of extensive contacts that would render Defendants "at home" in Massachusetts. In fact, the record shows that Defendants maintain no offices, employees or operations in Massachusetts, does not manufacture, or sell any products here. This does not constitute the "continuous or systematic activity" required for general jurisdiction. *See Swiss Am. Bank*, 274 F. 3d at 618.

**B. This Court lacks specific jurisdiction over Defendant.**

Specific jurisdiction requires a "demonstrable nexus" between Plaintiff's claims and Defendant's contacts with Massachusetts. *Id*. Importantly, the required nexus must be created by Defendant -not Plaintiff's unilateral activity. *Harlow v. Children's Hosp*., 432 F.3d 50,58 (1st Cir. 2005)). In evaluating Defendant's contacts, the Court must affirmatively find that they satisfy the requirements of relatedness, purposeful availment, and reasonableness. *Phillips Exeter Academy v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999).

Plaintiff's complaint does not satisfy any of these requirements. With respect to relatedness, Plaintiff merely alleges that "on information and belief, [defendants] have sold products featuring Mobile Pixels' patented design to residents of Massachusetts." [ECF No. 1, ¶5]. However, such belief was wrong. To the contrary, Defendants did nothing to target the forum. Any contact with Massachusetts, if present at all, was manufactured by Plaintiff. Specific jurisdiction is lacking because the Plaintiff is the only link between Defendants and Massachusetts.

With respect to purposeful availment, Plaintiff does not identify any action by Defendants that established a relevant connection with Massachusetts. At best, Plaintiff's position is that Defendants are subject to jurisdiction because people in Massachusetts can access Defendants' online store which can be assessable worldwide. This is insufficient for purposeful availment. "[T]he mere presence of a website does not demonstrate a defendant has purposefully availed itself of the laws of the jurisdiction." *Ingeniador, LLC v. Interwoven*, 874 F.Supp.2d 56, 63 (D.P.R.2012)(citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed.Cir.2005)). Similarly, the allegation that the injury allegedly occurred in Massachusetts is similarly inadequate to establish purposeful availment. *Walden v. Fiore*, 571

3

U.S. 277, 290 (2014) ("The proper questions is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."). Purposeful availment focuses on the defendant's contacts with the forum state, not where the injury occurred. *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994).

With respect to reasonableness, "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long-arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co v. Superior Court*, 480 U.S. 102, 114 (1987). Here, the connection, if there is any, to Massachusetts is minimal. The burden on the Defendants is significant, as it has no contact with Massachusetts but instead is a citizen and resident of China. Massachusetts' interest in this case is likewise weak. The allegations at most causing virtually no appreciable actual injury to Plaintiff. Courts in Massachusetts cannot provide any particular efficiencies in resolving this matter either. So, this court should still dismiss because the exercise of jurisdiction is not reasonable.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint against Defendant for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2).

Respectfully Submitted,

Dated: December 30, 2023

/s/ *Ruoting Men*

Ruoting Men, Esq.
Tao Liu
Wei Wang
**GLACIER LAW LLP**
41 Madison Avenue, Ste. 2529
New York, NY 10010
Ruoting.men@glacier.law
Tao.liu@glacier.law
Wei.wang@glacier.law
312-270-0413
***Attorneys for Defendant***

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, the undersigned counsel, Ruoting Men, hereby certifies he has conferred with counsel for Plaintiff and has attempted on December 28, 2023, in good faith, to resolve or narrow the issues. In this regard, counsel for Defendants has emailed Plaintiff's counsel informing them of Defendants' intent to file a motion to dismiss based on personal jurisdiction.

Plaintiff's Counsel Mr. Kevin M. Eckert responded that, and Plaintiff quotes: " While we do not concede that the Court lacks jurisdiction due to lack of sales in Massachusetts, **we will nonetheless not oppose the motion**."

/s/ *Ruoting Men*
Ruoting Men, Esq.

**<u>CERTIFICATE OF SERVICE</u>**

I, Ruoting Men, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Ruoting Men*
Ruoting Men, Esq.