UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOBILE PIXELS, INC.,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"

    Defendants.

Civil Action No. 23-cv-12587 ADB

## COMBINED MOTION TO DISMISS AND STRIKE

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels") by and through its counsel, hereby moves

to strike the affirmative defense of inequitable conduct from the Defendants' pleadings,[1] and to

---

[1] There are two groups of Defendants, but they have filed virtually identical Answers and Counterclaims according to Workshare Compare (document comparison software). For the purposes of this motion, all defendants shall be referred collectively as "Defendants."

The first group includes Shenzhen City Free Vast Science & Tech. Co., Ltd (Maxfree), Shenzhen Laibo Tech. Co. Ltd. (Laibo US), Dongguan Guangliying Electronic Technology Co. Ltd. (Kefeya), Triple A Int'l Trading Inc. (Alecewey), Rongbang Enterprise USA Inc. (BOAA), R&T Brothers LLC (Copgain), Fucang Enterprises USA Inc (PPL Technology), Shenzhen Mingsirui Tech. Co. Ltd. (Smiseacow), Living Skylight Inc. (WallyDeals), Shenzhen Shangiameipin E-Commerce Co. Ltd. (Kwumsy), Riztechnology LLC (JJTechGiant), Gobua Huagaoli Electronic Tech. Co. Ltd. (VargaoliDeal), Shenzhen Pengling Intelligent Tech. Co. Ltd. (FICIHP), Shenzhen Lianshengtuo Tech. Co. Ltd. (Allvia), Shenzhen Weidon Zhi Xin Tech. Co. Ltd. (Westhod), Qingyuanshi Maigi Intelligent Tech. Co. Ltd. (Apildella), Shenzhen Jiashi tech. Co. Ltd. (Gyflp), Zhenzhen Donghongze Trading Co. Ltd. (Cidetty), Shenzhen Jiacaili Tech. Co. Ltd. (Kasorey), Shenzhen Keangsi Trade Co. Ltd. (AetherSpark), and Shenzhen Huibaijia Tech. Co. Ltd (Venraty).

The second group includes Shenzhenshi Haogainian Dianzikeji Youxiangongsi (Yutoo), Shenzhenshiyidaishumakeji Co. Ltd-huang yuan qiong (LY.gainianUS).

1

dismiss Counts III-VIII of Defendants' pleadings for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### I. Background

Mobile Pixels brought this action in the District Court for the District of Massachusetts on October 30, 2023, when Mobile Pixels filed its initial complaint. ECF No. 1. Following filing of the complaint, Mobile Pixels sought a temporary restraining order ("TRO") to prevent the Defendants from selling infringing products on various platform marketplaces.[2] ECF No. 10. The Court granted the TRO on November 21, 2023, and set an initial hearing date. ECF No. 12.

Defendants filed their answers, affirmative defenses, and counterclaims on December 27, 2023. ECF Nos. 83, 84. These answers, affirmative defenses, and counterclaims are virtually word-for-word identical.

Mobile Pixels now seeks to dismiss the numerous improperly raised defenses and counterclaims contained in the Defendants' answers.

### II. Legal Standard

#### a. Dismissal under 12(b)(6)

A complaint which fails to state a plausible claim for relief must be dismissed. Fed. R. Civ. P. 12(b)(6). To show entitlement to relief, the complaint must provide fair notice of the grounds on which a claim rests. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). This applies to counterclaims as well as claims found in a complaint. *CrossFit, Inc. v. Mustapha*, No. CV 13-11498-FDS, 2014 WL 12644302, at *1 (D. Mass. Apr. 30, 2014).

---

[2] A platform marketplace is a marketplace, such as Amazon.com, where Amazon provides an interface for sellers to interact with potential customers and also owns and operates the interface, as opposed to a website actually owned and operated by a seller.

In deciding a motion to dismiss, a court must apply a two-pronged approach: first, the court must identify and disregard legal conclusions including legal conclusions couched as facts or threadbare recitals of the elements of the cause of action. *Ocasio-Hernandez*, 640 F.3d at 12. Second, the court must determine whether the remaining factual content of the complaint, if taken as true, is sufficient to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). If the facts support a reasonable inference that the defendant is liable for the misconduct alleged, the complaint of plausible.

### b. Striking Affirmative Defense of Inequitable Conduct

A court may strike any insufficient defense from the pleadings. Fed. R. Civ. P. 12(f). The standard to strike a defense of inequitable conduct is identical to the standard to dismiss a claim or counterclaim alleging inequitable conduct. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009); *see also Senju Pharma. Co., Ltd. v. Apotex, Inc.*, 921 F.Supp.2d 297, 306 (D. Del. 2013) (collecting cases); *Zep Solar Inc. v. Westinghouse Solar Inc.*, 2012 WL 1293873, at *2 (N.D. Cal. Apr. 16, 2012) ("Under Federal Circuit law, all averments of fraud and inequitable conduct, including affirmative defenses, fall within the strictures of Rule 9(b) and **must** be stated with particularity") (emphasis added). Courts across the country have agreed with this interpretation of *Exergen*.[3]

---

[3] *See, e.g.*, *Kit Check, Inc. v. Health Care Logistics, Inc.*, 2018 WL 2971104, at *2 (S.D. Ohio June 13, 2018) ("The pleading standard set forth in *Exergen* applies to allegations of inequitable conduct in affirmative defenses.") (internal quotation marks omitted); *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, 2014 WL 3600380, at *4 (E.D. Mo. July 22, 2014) ("The Federal Circuit and other courts have applied *Exergen's* pleading requirements to the affirmative defense of inequitable conduct.") (collecting cases); *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 2014 WL 2622240, at *1 (D. Del. June 11, 2014) ("rise or fall together"); *Proctor & Gamble Co. v. Team Techs., Inc.*, 2012 WL 6001753, at *3 (S.D. Ohio Nov. 30, 2012) ("the *Exergen* pleading standard applies to allegations of inequitable conduct asserted in affirmative defenses"); *Cabin Foods, LLC v. Rich Prod. Corp.*, 2012 WL

## II. Argument

### a. Defendants Have Not Pleaded Inequitable Conduct Sufficiently and the Court Should Strike the Affirmative Defense of Inequitable Conduct from the Pleadings

Inequitable conduct, even when presented as an affirmative defense, is subject to the strict pleading standard of *Exergen*. *See supra* § I(b). The Federal Circuit requires "sufficient allegations of underlying factors from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with the specific intent to deceive the PTO." *Id.* at 1328-29. To plead inequitable conduct with the particularity required, the defendants must identify "the specific who, what, when, where, and how of the material misrepresentation or omission before the PTO." *Exergen*, 575 F.3d at 1328.[4]

Defendants have pleaded inequitable conduct in exactly the way the Federal Circuit intended to prevent in the *Exergen* decision. Defendants have pleaded no facts concerning inequitable conduct at all in their defenses – indeed, the inequitable conduct pleading in both Answers consists of Nothing more than "The '975 Patent is unenforceable for inequitable conduct before the USPTO." ECF Nos. 83 and 84 at Fourth Affirmative Defense. Defendants have not identified any specific person who allegedly withheld or misrepresented material information to the PTO, have identified no information that was allegedly withheld from the

---

433115, at *3 (W.D. Tex. Feb. 8, 2012) ("The affirmative defense of inequitable conduct in patent law is subject to the heightened pleading standard of Rule 9(b).").

[4] The Federal Circuit has also substantially tightened what constitutes a material misrepresentation and what constitutes specific intent. *Therasense, Inc. v. Becton, Dickerson and Co.,* 649 F.3d 1276, 1289 (Fed. Cir. 2011) (en banc). However, because the defendants have failed to provide any factual allegations to support their affirmative defenses, the Court need not address the heightened *Therasense* standard.

PTO during prosecution of the subject patent, and have alleged no facts showing the alleged intent of any person when that person made representations to the PTO.  Defendants have merely "pled the statute," which has consistently been found insufficient to state a claim on which relief can be granted.  *See* Footnote 3, above.  No facts of any kind, much less those related to the specific who, what, where, when, or how of any alleged inequitable conduct, are present in the Defendants' pleading.

Because defendants have not met the requirements of *Exergen*, this court must strike the affirmative defense of inequitable conduct from the pleadings. *Exergen*, 575 F.3d at 1328); *see also Senju Pharma.*, 921 F.Supp.2d at 306; *Zep Solar*, 2012 WL 1293873, at *2 ("Under Federal Circuit law, all averments of fraud and inequitable conduct, including affirmative defenses, fall within the strictures of Rule 9(b) and **must** be stated with particularity") (emphasis added).

### b. Defendants Failed to Properly Plead Invalidity of the D920,975 Patent and Count II Must be Dismissed

A party must meet the pleading standard set forth by the Iqbal and Twombly line of cases to state a claim (or counterclaim, as here) for a declaration that a patent is invalid.  *Sprint Commc'ns Co., L.P., v. Theglobe.com, Inc.,* 233 F.R.D. 615, 619 (D. Kan. 2006) (striking affirmative defense that stated only that "[Sprint's seven patents], and each of the seven claims thereof, are invalid, void and/or unenforceable under one or more of the sections of Title 35 of the United States Code.").  *PB Farradyne, Inc. v. Peterson,* 2006 WL 132182 (N.D. Cal. 2006) (holding that simply citing Title 35 of the United States Code is not a valid affirmative defense).

Here, Defendants' pleadings of invalidity state in their entirety:

> The claims of the '975 Patent are invalid for failure to comply with the statutory requirements of one or more provisions in Title 35 of United States Code, including without limitation §§ 101,102,103, and/or 112.

ECF No. 83 at ¶ 30, EFC No. 84 at ¶ 30.  This simple "pleading the statute" has repeatedly been held to fail to state a claim.  *See, e.g.*, *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. CIV.A. 13-12418-DJC, 2014 WL 4804738, at *4 (D. Mass. Sept. 25, 2014) (dismissing counts for a declaration of invalidity where the claim alleged "only that 'each and every claim of the [ ] patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.'"); *GE Lighting Solutions, LLC v. Lights of Am., Inc.,* No. 1:12–CV–3131, 2013 WL 1874855, at *2 (N.D. Ohio May 3, 2013) (dismissing invalidity counterclaims where the defendant alleged that the plaintiff's patents "are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, judicial decision, and laws pertaining thereto") (citing *Senju Pharm. v. Apotex,* No. 12–159–SLR, 2013 WL 444928, at *4 (D.Del. Feb.6, 2013) (dismissing for complete lack of factual support an invalidity counterclaim in a patent-infringement suit).

Because Defendants fail to plead any factual allegations relating to invalidity, Count II of the Counterclaims must be dismissed.

### c. Defendants have Failed to State a Claim of Tortious Interference with Contractual Relationships and Count III Must be Dismissed

Defendants' counterclaim plainly fails to plead the elements of the tortious interference with contractual relations. Accordingly, the claim of tortious interference with contractual relations must be dismissed.

In the First Circuit, District Courts may exercise supplemental jurisdiction over state law claims. *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 35 (1st Cir. 2018). When a Federal Court applies state law claims, the Federal Court is obliged to adjudicate the state law claims

under the law of the state. *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012). Tortious interference with contractual relationships sounds under Massachusetts state law, and thus the Court must apply the law of the state of Massachusetts when evaluating this claim.[5]

In Massachusetts, a claim of tortious interference with contractual relationships requires that the counterclaimant establish (1) a contract existed between the counterclaimant and a third party, (2) the defendant knowingly induced the third party to break the contract, (3) the defendant's interference, in addition to being intentional, was improper in motive or means, and (4) the counterclaimant was harmed by the defendant's actions. *Psy-Ed Corp. v. Klein*, 459 Mass. 697, 715, 947 N.E.2d 520, 536 (Mass. 2011).

Defendants assert that Mobile Pixels interfered with their contracts with Amazon. ECF No. 83 at ¶ 35. As the Massachusetts courts have made clear, tortious interference with contractual relations requires that the counterclaim-defendant (here, Mobile Pixels), cause the third party (Amazon) to break its contract with the Defendants. Yet Defendants have not alleged that Amazon violated the contract between itself and the Defendants.[6] As Defendants have failed to allege an actual breach of a contractual relationship and have failed to plead any facts tending to show that Amazon breached its contract with the Defendants due to Mobile Pixels' actions, Count III must be dismissed.[7]

---

[5] Counts III through VII each are state law claims and must be evaluated under the laws of Massachusetts. Counts I, II and VIII sound under Federal law.

[6] Indeed, Defendants cannot allege that any part of their contracts with Amazon was breached because Amazon reserves the right to remove third-parties from its platform for any reason, including to effectuate court orders. In other words, Amazon acted in accordance with its contract with Defendants. Nevertheless, as Defendants have not alleged a breach of their contracts with Amazon, the Court does not need to reach the issue of what Amazon's obligations and rights are under its contracts with the Defendants.

[7] The other elements need not be addressed as Defendants have failed to meet at least one element of the tort.

### d. Defendants have Failed to State a Claim of Tortious Interference with Advantageous Business Relations and Count IV Must be Dismissed

Massachusetts courts treat tortious interference with an advantageous business relationships identically to that of tortious interference with a contractual relationship, with the exception that interference with an advantageous business relationship does not require the presence of a contract between the parties. *Freadman v. MA Port Authority*, 2022 WL 2180237, at *15 (Sup. Ct. Ma. Jan 6, 2023); *see also Dulgarian v. Stone*, 420 Mass. 843, at n.8 (MA 1995). The elements of tortious interference with a business relationship are: (1) an advantageous relationship between the claimant and a third party; (2) the defendant knowingly and intentionally causes the relationship to break; (3) the defendant had an improper means or motive; and (4) the claimant suffered harm. *Hamann v. Carpenter*, 937 F.3d 86, 92-93 (1st Cir. 2019).

Here, the counterclaim asserts interference with the Defendants' relationship with Amazon. ECF No. 83 at ¶¶ 43 and 44. The business relationship between Amazon and Defendants was, however, defined by the contracts existing between Amazon and the Defendants (as alleged in the Tortious Interference with Contractual Relationship count alleged). Defendants have not and cannot plead that Amazon did anything other than what it was permitted to do under its agreement with the Defendants. As the business relationship (e.g., the contract) between Amazon and the Defendants was never broken, count IV must be dismissed.

### e. Defendants have Failed to State a Claim of Trade Libel and Injurious Falsehood and Count V Must be Dismissed

Trade libel and injurious falsehood are one and the same and are known as "commercial disparagement" in Massachusetts. *HipSaver, Inc. v. Kiel*, 464 Mass. 517, n.1 (Mass. 2013). The elements of commercial disparagement are (1) the defendant published a false statement to a person other than the plaintiff, (2) the false statement concerned the plaintiffs goods or services,

8

(3) the defendant knew of the falsity of the statement or acted with reckless disregard of the truth or falsity of the statement, (4) pecuniary harm to the plaintiff was intended or foreseeable, and (5) such publication resulted in special damages in the form of pecuniary loss. *Id.* at 523.

Pleadings based on "information and belief" only pass muster with *Iqbal* and *Twombly* under two circumstances: (a) where the facts are peculiarly within the possession and control of the defendant, or (b) where the belief is based on factual information that makes the inference of culpability plausible. *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *see also, e.g.*, *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953–54 (8th Cir. 2023) ("Without some factual basis for the inference of liability or the reasonable belief that the information supporting such liability is in the sole possession of the defendant, pleadings made on information and belief cannot cure an otherwise threadbare complaint."); *Visco v. Creditors Relief, LLC*, No. 20-CV-12303-DJC, 2022 WL 488495, at *3 (D. Mass. Feb. 17, 2022) (finding pleading alleging on information and belief that numbers used to contact plaintiff were under the control of Creditors Relief sufficient where the complaint incorporated screenshots of call records and text messages to support the claim, including one containing an email address which appears to belong to a Creditors Relief employee).

Further, allegations based on "information and belief" must state non-conclusory, factual allegations to be considered. *Bruno Int'l Ltd. v. Vicor Corp.*, No. CV 14-10037-DPW, 2015 WL 5447652, at *3 (D. Mass. Sept. 16, 2015) ("under *Twombly*, a plaintiff may not set forth conclusory allegations stating legal propositions "without some further factual enhancement."); *see also, e.g.*, *Harman* v. *Unisys Corp.*, 356 Fed. App'x 638, 640-41 (4th Cir. 2009) (per curiam) (unpublished) (plaintiff's allegations based on information and belief were conclusory and therefore insufficient); *Williams* v. *Calderoni*, No. 11 Civ. 3020(CM), 2012 WL 691832, at *7

(S.D.N.Y. Mar. 1, 2012) (observing that plaintiffs may plead based on information and belief but must provide some information rendering the allegation "more than a speculative claim," and rejecting certain allegations based on information and belief because they were "not statements of *fact*; they [were] conclusory"); *Bayco Prods., Inc.* v. *Lynch*, Civ. Action No. 3:10-CV-1820-D, 2011 WL 1602571, at *5-6 (N.D. Tex. Apr. 28, 2011) (plaintiff's allegations did not contain sufficient factual information to allow court to make reasonable inferences necessary "to conclude that the plaintiff has pleaded a plausible, not merely a possible, claim").

Defendants' allegations with respect to this count are entirely pled on "information and belief." ECF No. 83 at ¶¶ 54-59. Defendants have not identified any specific parties to whom any statements were allegedly made and identify no statements, written or oral, in even a general fashion that would enable Mobile Pixels to evaluate whether the statements were false and/or would potentially harm Defendants. To the contrary, Defendants pleadings are mere threadbare legal assertions of the type *Twombly* and *Iqbal* were intended to do away with. For example, Defendants plead that "[Mobile Pixels] has published and distributed to [Defendants'] existing customers literature containing willful, false statements concerning the '975 Patent infringement." This is not a statement of fact: it is an assertion that does not tend to show the Defendants' claim is plausible.

Defendants' allegations are akin to those in *JT IP Holding,* in which the plaintiff pled on information and belief that "Defendants are misrepresenting the ownership of the '563 Patent to customers, potential customers, and potential investors." *JT IP Holding, LLC v. Florence*, No. 20-CV-10433-IT, 2020 WL 5217118, at *7 (D. Mass. Sept. 1, 2020). The Court found that this pleading insufficient to avoid dismissal, stating "[w]hile Defendants may be better positioned to have this information, the court does not find the alleged misrepresentations here to constitute

facts that are 'peculiarly within the possession and control of the defendant' given the allegations concern representations made in advertising and promotion as opposed to insular activities where the facts may be 'peculiarly' hard to come by." *Id.* Here, the allegation is that communications were made to third party customers of the Defendants (ECF No. 83 at ¶ 55), not just to Mobile Pixels customers, making the information even *more* available to the Defendants.

Defendants have not justified pleading this count on information and belief, and has not pled sufficient actual factual allegations beyond the information and belief pleadings, to state a claim on which relief can be granted, and Count V should therefore be dismissed.

### f. Defendants have Failed to State a Claim of Unjust Enrichment and Count VI Must be Dismissed

In Massachusetts, the elements of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) an appreciation or knowledge by the defendant of the benefit, and (3) acceptance or retention by the defendant of the benefit under circumstances that would be inequitable without payment for its value. *Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics Inc.*, 552 F.3d 47, 57 (1st Cir. 2009); *see also Tedeschi-Freij v. Percy Law Group, P.C.*, 172 N.E.3d 774, 780 (Ma. App. 2021); *Stewart Title Guaranty Co. v. Kelly*, 146 N.E.3d 1142, 1151 (Ma. App. 2020); *Sweeney v. DeLuca*, 20 Mass.L.Rptr. 628, 2006 WL 936688, at *8 (Sup. Ct. Ma. 2006).

The Defendants allege that Mobile Pixels realized benefits at the Defendants' expense when Mobile Pixels attempted to enforce the TRO. ECF No. 83 ¶ 61. However, in Massachusetts, unjust enrichment requires the party seeking restitution to have conferred the alleged benefit on the party to have been unjustly enriched. *See, e.g.*, *Tedeschi-Freij v. Percy L. Grp., P.C.*, 99 Mass. App. Ct. 772, 780, 172 N.E.3d 774, 782 (2021) (granting summary judgment on unjust enrichment claim and holding that a party seeking recovery for unjust

11

enrichment must prove, *inter alia*, "prove that (1) [she] conferred a measurable benefit upon the defendant"); *Chang v. Winklevoss*, 95 Mass. App. Ct. 202, 211, 123 N.E.3d 204, 213 (2019) ("To prove claims for quantum meruit and unjust enrichment, Chang would be required to demonstrate that he had conferred a measurable benefit on the Winklevoss defendants through the services he rendered and that he had a reasonable expectation of receiving compensation for those services"); *Reynolds v. City Exp., Inc.*, No. SUCV201002655D, 2014 WL 1758301, at *11 (Mass. Super. Jan. 8, 2014) ("In order to state a claim for unjust enrichment, a plaintiff must prove a *benefit conferred upon the defendant by the plaintiff*") (emphasis added).

Here, the TRO was issued by the Court, and Amazon took down some of the Defendants' product pages. Defendants were, as they themselves admit, uninvolved throughout. ECF No. 83 ¶ 19. Assuming, *arguendo*, that Mobile Pixels received a cognizable benefit under a theory of unjust enrichment, that benefit came from either this Court or Amazon. The Defendants make no allegations that they conferred any benefit upon Mobile Pixels. As Defendants have not alleged that Defendants conferred a benefit upon Mobile Pixels, Count VI must be dismissed.

### g. Defendants have Failed to State a Claim of Unfair Practices under the Massachusetts' Consumer Protection Act (M.G.L. c. 93A) and Count VII Should be Dismissed

Section 2 of chapter 93A of the General Laws of Massachusetts' states that:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
>
> (b) It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine, and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

M.G.L. c. 93A § 2. Defendants counterclaim for unfair practices sounds under section 11. M.G.L. c. 93A § 11. The Massachusetts' Consumer Protection Act ("MCPA") is to be interpreted in accordance with the Federal Trade Commission Act ("FTCA") as provided by subparagraph (b) of section 2. MCPA 93A § 2(b); *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 773 (MA 1975); *see also Robinhood Financial LLC v. Secretary of the Commonwealth*, 214 N.E.3d 1058 (MA 2023). The MCPA does not define "unfair" or "deceptive," however the Massachusetts courts have provided some guidance. Whether an act can count as "unfair" or "deceptive" is a matter of law. *Branch Ave Capital LLC v. US Bank Nat. Ass'n*, 2013 WL 5242121, at *7, 12-40140-TSH (D. Mass. Sep. 16, 2023). In disputes between businesses, where parties are sophisticated players, the "objectionable conduct must attain a level of rascality that would raise an eyebrow to the rough and tumble of the world of commerce." *Id*.

However, allegations of unfair practices are balanced against the First Amendment right of parties to petition government for redress. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60-61 (1993). The Supreme Court has established that plaintiffs generally enjoy immunity from allegations of unfair competition when bringing a lawsuit unless that lawsuit is a "sham." *Id*. This is called the *Noerr-Pennington Doctrine*, and is one of the doctrines which protect patentees when those patentees attempt to enforce their patents. *Id*.

As a result, to succeed on a claim under chapter 93A (which is interpreted in the same way as the 5(1)(a) of the FTCA), the Defendants must show that *Noerr-Pennington* Immunity does not apply by showing that a given case is a "mere sham." *PRE*, 508 U.S. at 60-61.

The Supreme Court has provided a two-prong test to determine whether a case is a "mere sham." *PRE*, 508 U.S. at 60-61. The Federal Circuit has applied the *PRE* test to patent cases, and

13

thus the *PRE* test governs patent cases as well. *Tyco Healthcare Group LP v. Mutal Pharma. Co. Inc.*, 762 F.3d 1338, 1333 (Fed. Cir. 2014). Under the *PRE* test, the first prong must be met before the second prong can be considered by a court. *Id*. The first prong is that the party alleging sham litigation must show that the litigation (1) is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. **If and only if the first prong is met**, then the court may continue to the second prong where the court must determine (2) whether a lawsuit is an attempt to directly interfere with the business relationships of a competitor through the use of—as opposed to the outcome of—governmental process as an anticompetitive weapon. *Id.* Finally, even if the lawsuit is a sham, the party alleging unfair practices must prove a substantive violation of the underlying law. *Id*. That is, proof of a sham merely pierces the plaintiff's immunity, but does not prove the other elements of an unfair competition claim. *Id*. Invoking the "sham" exception requires clear and convincing evidence of bad faith. *Handgards, Inc. v. Ethicon, Inc.,* 743 F.2d 1282, 1288, 223 USPQ 214, 222–23 (9th Cir.1984).

In the patent context, it is not enough to support a claim of sham litigation simply by alleging that a patent is invalid or that a product is not infringing. Patentees are entitled to rely on both the presumption of validity for their patents and on the fact that defendants must prove invalidity by clear and convincing evidence. *Tyco*, 762 F.3d at 1345-46; *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1368–70 (Fed. Cir. 1998) (The law recognizes a presumption that the assertion of a duly granted patent is made in good faith; this presumption is overcome only by affirmative evidence of bad faith). In the context of invalidity, "[o]nly if the exacting standards of *PRE* are satisfied will the patentee lose its *Noerr-Pennington* immunity in that setting." *Tyco*, 762 F.3d at 1345-46.

Here, it is not disputed that the PTO allowed the patent—as a result of the allowance, Mobile Pixels is entitled to rely on the presumption of validity of the patent. In light of this, to overcome Mobile Pixels' *Noerr-Pennington* immunity, the Defendants must at least allege some facts tending to show their products did not infringe the patent or that the patent was invalid ***and*** that Mobile Pixels knew it was invalid. Otherwise, there is no factual basis from which the Court can plausibly infer that the litigation was objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.

As noted above in Section 2(b) above, Defendants' Counterclaims do not assert or contain ***any*** facts related to whether the patent is invalid. There are no factual allegations directed to patent-eligible subject matter under § 101, no references to any prior art, and no factual assertions that would tend to establish that the '975 Patent is anticipated or obvious under 35 U.S.C. §§ 102 or 103. Nor do the counterclaims address how or why the patent might be invalid under § 112. Defendants have therefore not pleaded a claim for unfair competition based on the assertion of an allegedly invalid patent.

Further, the bulk of this Counterclaim is based on legal conclusions that entirely lack factual support in the pleadings. Defendants state:

> Mobile Pixels has engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93 A §§ 2 and 11 including without limitation: (a) Attempting to enforce a patent in bad faith; (b) Filing a baseless lawsuit and request for injunctive relief (in spite of evidence) for an anti-competitive purpose and for the purpose of impermissibly interfering with Counterclaim Plaintiffs' business relations; (c) Specifically targeting its competition with and ex parte TRO in an effort to eliminate competition; (d) Attempting to extract a settlement payment solely to allow the Counterclaim Plaintiffs to engage in business.

ECF No. 83 ¶ 64 (reformatted slightly).

However, Defendants fail to actually plead the basis for Mobile Pixels' alleged "bad faith." Defendants assertions of "bad faith" rest solely on allegations (based only on

15

"information and belief") that Mobile Pixels decided to engage in a scheme of "false allegations of patent infringement" (ECF No. 83 at ¶ 9) and (again on "information and belief") that "Mobile Pixels knew that the patent were [sic] invalid and unenforceable, and/or knew Counterclaim Plaintiffs' products did not infringe Mobile's patent when it filed the lawsuit…" (ECF No. 83 at ¶ 11). These are not, however, factual allegations that support a claim that the patent is invalid, unenforceable, or not infringed – they are mere conclusory statements lacking basis.[8]

With respect to Defendants' statement above, part (a) (bad faith) is a legal conclusion with no factual underpinnings and should be disregarded. Parts (b), (c), and (d) all require that part (a) have been demonstrated, because the filing of a lawsuit, seeking of a TRO and attempting to settle a lawsuit are all legitimate and not unfair absent "bad faith" (i.e., where the litigation is not a "sham"). Defendants' counterclaims are working backwards: Defendants assume the lawsuit is a sham lawsuit, and then provide examples of conduct that **might** be anticompetitive if the lawsuit were a sham. However, Defendants need to first establish that the lawsuit is a sham, and then they must establish that the lawsuit attempted to interfere with their business relations through the *process* rather than *result* of the litigation. *PRE*, 508 U.S. 60- 61. As the first prong of the *Professional Real Estate* test makes clear, it is incumbent upon Defendants to plead facts giving rise to a plausible claim under the *Twombly* and *Iqbal* standard that Mobile Pixels' claims are objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits. Defendants have failed to plead facts that could plausibly overcome Mobile Pixels' *Noerr-Pennington* immunity, much less to state a claim under M.G.L. c. 93A § 2, and Count VII should be dismissed.

---

[8] Additionally, as these allegations are based on entirely-unsubstantiated "information and belief," without any basis for such information and belief being pled, they should be disregarded. *See* Section II(e), above.

### h. Defendants have Failed to State a Claim of Attempted Monopolization and Count VIII Must be Dismissed

Antitrust liability based on the bringing of a lawsuit requires that *Noerr-Pennington* immunity be overcome. *Professional Real Estate* 508 U.S. 60-61. As with the chapter 93A of the Massachusetts' statute, the Defendants must show that Mobile Pixels' lawsuit was a "mere sham." *Id*. Defendants are unable to do so for the reasons provided with respect to section (f), *supra*, and on this ground, Count VIII must be dismissed.

Additionally, even were Plaintiff's suit to be considered a sham, Defendants' remaining allegations are factually deficient and do not give rise to a plausible claim. To show attempted monopolization requires that the claimant prove (1) the defendant engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993). It is necessary to show that the monopolizer has market power in the relevant market. *Id*. 506 U.S. at 457; *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1367 (Fed. Cir. 1998) (Antitrust liability under Section 2 of the Sherman Act based on patent assertion requires, inter alia, proof that the asserted patent has been procured by knowing and willful fraud *and* the patentee has market power in the relevant market).

Defendants fail to plead any facts showing a plausible likelihood that Mobile Pixels would or could achieve monopoly power or that Mobile Pixels has market power in the relevant market. Defendants' only allegation relating to this states " [o]n information and belief, there is a dangerous probability that Mobile will achieve a monopoly power in the laptop monitor extender marketplace on the Amazon platform in the United States." ECF No. 83 ¶ 70. Again, this allegation is factually unsupported, is made on "information and belief" without any

17

indication of the basis for this belief, and amounts to nothing more than an assertion of a legal conclusion.

Furthermore, Defendants have failed to allege facts that would lead to a plausible claim that Mobile Pixels would have market power even within the scope of Amazon's platform. ECF No. 83 ¶ 70. It is Defendants obligation to show that their proposed relevant market is defined with reference to the rule of reasonable interchangeability and cross-elasticity of demand. *Vazquez-Ramos v. Triple-S Salud, Inc*., 55 F.4th 286, 297 (1st Cir. 2022). Defendants have not done this. They have not, for example, shown that the Defendants constitute a large or meaningful portion of the competition on Amazon or elsewhere. Defendants have not shown that demand elsewhere (such as at Wal-Marts, Best Buys, Targets, Circuit Cities, other online and physical retailers, and so forth) are unrelated to demand on Amazon such that said markets could not properly be considered part of the relevant marketplace. Indeed, Defendants have not alleged any facts showing that Amazon is the appropriate marketplace.

For all of the above reasons, Count VIII should be dismissed.

## **CONCLUSION**

For the reasons presented herein, Mobile Pixels requests that Defendants' Fourth Affirmative Defense be stricken and that Counts II, III, IV, V, VI, VII, and VIII of Defendants' Counterclaims be dismissed.

Dated: January 17, 2024                                    Respectfully submitted,

By:

*/s/ Thomas P. McNulty*
Thomas P. McNulty (BBO # 654,564)
Kevin M. Eckert (VBA 89140)
LANDO & ANASTASI, LLP
60 State Street — 23rd Floor
60 State Street, 23rd Floor
Boston, MA 02109
Tel:    (617) 395-7000
Fax:   (617) 395-7070
Email: tmcnulty@lalaw.com
Email: keckert@lalaw.com
*Attorneys for Plaintiff Mobile Pixels Inc..*

## CERTIFICATE OF SERVICE

I certify that on January 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via e-mail in PDF format.

*/s/  Thomas P. McNulty*
Thomas P. McNulty