IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.: 1:23-cv-12587

Mobile Pixels, Inc.,

    Plaintiff,

v.

The Partnerships and Unincorporated Associations
Identified on Schedule "A",

    Defendants.
_____/

### Defendants' Motion to Dismiss

Defendants, Extended Monitor - A36WA8Q3TZBF57 and LIANJITECH - A2INEX8WFAATT3 (collectively, "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiff's, Mobile Pixels, Inc. ("Plaintiff"), Complaint [D.E. 1] under Fed. R. Civ. P. 12(b)(6), and, in support thereof, state as follows:

### I.   Background

On October 30, 2023, Plaintiff filed its Complaint against, *inter alia*, Defendants, alleging the following causes of action – (i) Count I (Infringement of U.S. Design Patent No. D920,975). [D.E. 1]. Specifically, Plaintiff's Complaint alleges that Defendants have infringed Plaintiff's '975 Patent by way of selling and/or importing into the United States products that allegedly infringe Plaintiff's design claimed in the '975 Patent ("Alleged-Infringing Products"). For the reasons set forth below, Plaintiff's Complaint must be dismissed, as Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

II.     <u>Argument</u>

    a. **Legal Standard**

In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, which states a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must accept as true all factual allegations raised in the complaint, such does not apply to legal conclusions, as "Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Courts may dismiss claims of design infringement on Rule 12(b)(6) motions where it finds that no reasonable fact-finder could find infringement as a matter of law." *Converse Inc. v. Steven Madden, Ltd.*, 552 F. Supp. 3d 139, 141 (D. Mass. 2021) (citing *MSA Prods. v. Nifty Home Prods.*, 883 F. Supp. 2d 535, 540 (D.N.J. 2012) (citing cases)). To make a determination as to design infringement, the court must determine whether an "ordinary observer…would be deceived into believing that the accused product is the same as the patented design." *Id*. (citing *Steven Madden, Ltd. v. Laurent*, 2019 WL 2023766, at *2, (S.D.N.Y. May 8, 2019)). Conducting such an analysis involves a "side-by-side" comparison of the design patent illustrations with photographs of the accused product. *Id*. (citing *Steven Madden*, 2019 WL 2023766, at *3). "Dismissal is appropriate where no ordinary observer could determine that the two designs are substantially the same." *Id*. (citing *MSA Prods.*, 883 F. Supp. 2d at 541).

    b. **Plaintiff's Complaint Should be Dismissed Because the Alleged-Infringing Products Are Not Substantially Similar to Plaintiff's '975 Patent.**

Upon a comparative review of Plaintiff's '975 Patent and Defendants' Alleged-Infringing Products, it is clear that Defendants' Alleged-Infringing Products are substantially dissimilar to Plaintiff's '975 Patent, thus warranting a dismissal of Plaintiff's Complaint. Specifically,

Plaintiff's '975 Patent describes an ornamental design for a **sliding** screen of rectangular shape [*see* D.E. 1-1]; whereas, Defendants' Alleged-Infringing Products consist of a **folding** screen of rectangular shape [*see* D.E. 57-1, 57-2, 57-3]. This distinct difference renders Defendants' Alleged-Infringing Products substantially dissimilar from Plaintiff's '975 Patent as they encompass mutually exclusive and differing features. *See MSA Prods.*, 883 F. Supp. 2d at 541 (finding no similarity because the patented storage unit was a different shape and size than the allegedly infringing product); *see also Steven Madden*, 2019 WL 2023766, at *3 (finding no similarity because the patented design and accused design consisted of different features).

The fact that Plaintiff's '975 Patent and Defendants' Alleged-Infringing Products are both used with regard to monitors is not proof or a basis for a claim of infringement. *See McQuillen v. A. R. Hyde & Sons Co.,* 35 F. Supp. 870, 873 (D. Mass. 1940) ("In considering the scope of the patented design, in order to determine the question of infringement, the patented design may not be given such breadth as to include general configuration made necessary by function."); *see also Id.* (stating the similarity between the plaintiffs' and defendant's shoes resulting from the fact both are shoes of the same general type is not of itself enough to show infringement.). Obviously, as an accessory to computer/laptop monitors, Defendants' Alleged-Infringing Products must be able affix itself thereto similarly to Plaintiff's '975 Patent. However, the substantial dissimilarity in the design features of Plaintiff's (i.e. sliding screen design) and Defendants' (i.e. foldable screen design) respective products suffices for the purpose of the Court finding that an ordinary observer would not likely be confused that Defendants' Alleged-Infringing Products and Plaintiff's '975 Patent are the same. *See Id.* (stating (i) a design patent is not infringed by anything which does not present the appearance which distinguishes the design claimed in the patent from the prior art, and (ii) other products not presenting the same distinguishing features claimed in the patented design

cannot be deemed infringing).

### III. Conclusion

For the reasons set forth herein, Defendants request that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint, and grant such further relief as the Court deems just and appropriate.

Dated: April 9, 2024

Respectfully submitted,

/s/Darren Heitner
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
darren@heitnerlegal.com
Ph.   (954) 558-6999
*Attorney for Defendants*

*Admitted Pro Hac Vice*

### CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2024, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: /s/ Darren Heitner