UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MOBILE PIXELS, INC.,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"

    Defendants.

Civil Action No. 23-cv-12587 ADB

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (DKT. 99)**

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels" or "Plaintiff") hereby oppose Defendants Extended Monitor – A36WA8Q3TZBF57 and LIANJITECH – A2INEX8WFAATT3 (collectively, "Defendants")'s Motion to Dismiss (dkt. 99).

**I.    Legal**

A Complaint that alleges a plausible entitlement to relief survives a motion to dismiss under Fed R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Hayes v. Mirick*, 378 F. Supp. 3d 109, 113–14 (D. Mass. 2019). Detailed factual allegations are not necessary to survive a motion to dismiss. *Id*. A complaint passes 12(b)(6) muster if, assuming all factual allegations in the complaint are true and drawing all reasonable inferences in the plaintiff's favor, a court can reasonably infer liability on the part of the defendant. *Id*. (citing *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011)). If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. *Converse Inc. v. Steven Madden, Ltd.*, 552 F. Supp. 3d 139, 140–41 (D. Mass. 2021).

This is so "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955; *Hayes*, 378 F. Supp. 3d at 113–14.

Generally, to survive a motion to dismiss a design patent infringement claim, a "plaintiff need only plead, in addition to basic information such as the name of the defendant and the patent owned by the plaintiff, 'the means by which the defendant allegedly infringes' and 'the sections of the patent law invoked.' " *SATA GmbH & Co. KG v. Cent. Purchasing, LLC*, No. CV 20-02131 DDP (JPRx), 2021 WL 949598, at *4 (C.D. Cal. Mar. 12, 2021) (quoting *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)). Motions to dismiss a design patent infringement claim are "generally inappropriate" because "[t]he Federal Circuit has held that determining infringement of a design patent is a question of fact." *Enerlites, Inc. v. Century Prods. Inc.*, No. SACV 18-839 JVS(KESx), 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018).

To make a determination as to design infringement, courts ask whether an ordinary observer ... would be deceived into believing that the accused product is the same as the patented design. *Converse Inc. v. Steven Madden, Ltd.*, 552 F. Supp. 3d 139, 141–42 (D. Mass. 2021) (citations omitted). Generally, determining whether the accused article infringes on a patent requires a two step analysis: first the court construes the patent, and second the fact-finder compares the accused article to the patent to determine infringement. *See, e.g.*, *MSA Prod., Inc. v. Nifty Home Prod., Inc.*, 883 F. Supp. 2d 535, 540 (D.N.J. 2012). Conducting the comparison analysis involves a "side-by-side" comparison of the design patent illustrations with photographs of the accused product. *Id*. (denying motion to dismiss where a comparison of the design claim and photographs of the accused product showed the two to be "not 'plainly dissimilar' to the point of warranting dismissal."). That a design claim and an accused product are not identical is not dispositive because a finding of infringement requires only that the accused design and the

patented design be "substantially the same." *Converse Inc. v. Steven Madden, Ltd.*, 552 F. Supp. 3d 139, 141–42 (D. Mass. 2021).

Further, where a patented design and an accused product are not "plainly dissimilar," the court must conduct a three way analysis comparing the accused product, the patented design, and the prior art.  *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 677-678 (Fed. Cir. 2008).  "When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art." *Egyptian Goddess*, 543 F.3d at 676.  In conducting this analysis, as a first step:

> without review of the prior art, the claimed and accused designs are compared to one another to determine whether they are substantially similar.  If so, the second step compar[es] the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art.

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

"The ordinary observer test applies to the patented design in its entirety, as it is claimed." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).  "The ordinary observer test similarly applies in cases where the patented design incorporates numerous functional elements." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

"A design patent claims only what is defined by the solid lines of a figure. Any portion of the figure formed by broken lines is for illustrative purposes only and forms no part of the claimed design." *Fecon, Inc. v. Denis Cimaf, Inc.*, No. 1:18-CV-00748, 2021 WL 3562910, at *3 n.6 (S.D. Ohio Aug. 12, 2021) (citing Manual of Patent Examining Procedure § 1503.02).

## II.     The Complaint Sufficiently Alleges Design Patent Infringement

Here, the Complaint set forth the infringement analysis, provides a copy of the D'975 Patent, and provided images of the Accused Products. The D'975 Patent claims "[t]he ornamental design for a monitor, as shown and described." D'975 Patent at 1. The patent further specifies that "[a]ll other broken lines show portions of the monitor that form no part of the claimed design." *Id*. As can be seen, the claim of the D'975 Patent includes both solid and dashed lines, with the dashed lines not forming a part of the claim. *Id*. The patent includes 31 figures showing the claimed monitor in a number of different configurations relative to aa laptop to which it could be attached, including a closed, slightly offset configuration, a fully closed configuration, an open configuration, and an open, pivoted configuration. *Id*.

As noted, the claim covers only the elements shown in the figures in solid lines. A comparison of these figures with the photographs of Defendants' Accused Products, construing all well-pled facts as true and taking all inferences in favor of the Plaintiff, shows that the Accused Products include all of the claimed elements of the figures such that the Accused Products are "substantially the same" such that an ordinary observer would believe that the accused product is the same as the patented design. *Converse*, 552 F. Supp. 3d at 141–42. At a minimum, the figures and the Accused Products are not so "plainly dissimilar" to warrant dismissal. *MSA Prod.*, 883 F. Supp. 2d at 540.

Further, Defendants' Motion provides no basis for saying otherwise. The Motion points to no areas if dissimilarity or distinction whatsoever, and indeed barely references either the Accused Products or the figures that form the claim in any way. One of the few references to the claims or the Accused Products tries to distinguish the two by asserting that the Accused Products are folding screens whereas the claims are to a sliding screen. Defendants' Motion at 3.

4

This misstates both the facts and the law.  As noted above, the D'975 Patent is directed to "[t]he *ornamental design for a monitor*," making no reference to any sliding features or requirements.  Also, as a matter of law the way in which a design functions is not considered in the infringement analysis.  *See, e.g.*, *Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 WL 508544, at *3–8 (M.D.N.C. Feb. 18, 2022) ("because the '378 Patent is a design patent … the design's motion function disregarded…  so too are all broken lines in the patent's drawings."); *Ethicon Endo-Surgery*, 796 F.3d at 1315 (design patents only protect ornamental features, and thus "functional aspects of the claimed designs are properly excluded from the infringement analysis").

Further, "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent."  *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020); *Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 WL 508544, at *3–8 (M.D.N.C. Feb. 18, 2022) ("When a design contains both ornamental and functional aspects, the design patent's scope is limited to the ornamental aspects alone and does not extend to any functional elements of the claimed article.") (internal quotation omitted).

Here, not only has the Court not had the opportunity to undertake a claim construction, the Motion to Dismiss itself fails to identify any specific element of the claim that Defendants deem to be functional.  Instead, Defendants mere insist without support that Defendants' Alleged-Infringing Products must be able to affix itself [sic] thereto *similarly to* Plaintiff's '975 Patent." Motion to Dismiss at 3 (emphasis added).  Defendants make no attempt to point out which particular elements of the claim are deemed to enable the claimed monitor to "affix" itself to something, so as to provide guidance as to how the Court should look at the claim.  It points to

no particular element of the Accused Products to indicate what points of similarity it alleges should be discounted on a functionality basis.  It provides no analysis of how the Court is to analyze this alleged functionality issue, other than a single 1940 decision (discussed below) that predates virtually all of the guidance provided by the Federal Circuit in recent years on approaching a design patent infringement case.  Indeed, Defendants do not indicate in any way how either the Accused Products or the claimed design would affix to something, much less why that means of affixation requires the use of the claimed design.

Defendants' 1940 case found that an accused shoe, which had a considerable number of differences from the design claim, could not be found to infringe solely by virtue of "the fact that both are shoes of the same general type."  *McQuillen v. A. R. Hyde & Sons Co.*, 35 F. Supp. 870, 873 (D. Mass. 1940).  Here, Defendants do not identify any meaningful differences between the Accused Products and the claim that would result in similarity existing solely as a result of both being monitors.

The scant argument offered by Defendants is insufficient to result in dismissal.  As one Court has noted, while the plaintiff

> may ultimately have a difficult hurdle to withstand the scrutiny of the ordinary observer test's second step… this case is at the motion to dismiss stage. While motions to dismiss design patent infringement claims may be granted, courts have repeatedly found that such motions must only be granted in ***exceptional circumstances***. And for good reason. While there are circumstances under which this court appropriately sits as an "ordinary observer," in a sense the patent examiner does as well. As a result, while the prior art field may be "crowded," the patent examiner—functioning as an ordinary observer—identified sufficient unique features of the design at issue to justify granting the patent. A more developed record is necessary to determine whether the [Asserted] Patent and the [Accused Product] are sufficiently dissimilar, within the context of prior art, to either prove or disprove the alleged infringement. Additionally, courts' reluctance to grant motions to dismiss design patents is eminently reasonable because—as the above analysis shows—design patent infringement is a deeply factual inquiry.

> Motions to dismiss are not designed to address factual issues, which are better left for adjudication on more developed records.

*Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 WL 508544, at *9–11 (M.D.N.C. Feb. 18, 2022).

### III.     Defendants' Cases Granting Dismissal are Readily Distinguishable

While courts have dismissed design patent infringement claims, it is on the basis of plain dissimilarity between the figures and the accused product that is simply not present here (and certainly not set forth in Defendants' Motion).  The *Converse v. Steven Madden* decision **denied** a motion to dismiss where the claimed tread design was absent on the center of the sole of the claimed shoe but continued seamlessly from front to back on the accused shoe.  *Converse Inc. v. Steven Madden, Ltd.*, 552 F. Supp. 3d 139, 141–42 (D. Mass. 2021).  The *MSA* Court based its dismissal on the fact that the accused K-Cup Unit had three drawers and were much longer and taller than they were wide, while the claimed design was roughly square shaped (equally long and wide) and contained but a single drawer, making the designs substantially different.  *MSA Prod., Inc. v. Nifty Home Prod., Inc.*, 883 F. Supp. 2d 535, 541 (D.N.J. 2012).  The shoes at issue in the *Steven Madden v. Yves Saint Laurent* case involved a claimed high-heeled sandal having an ankle strap connected to a woven toe strap versus an accused flat sandal with no ankle or connecting strap.  *Steven Madden, Ltd. v. Yves Saint Laurent*, No. 18-CV-7592 (VEC), 2019 WL 2023766, at *3 (S.D.N.Y. May 8, 2019).

### CONCLUSION

For the reasons presented herein, Mobile Pixels requests that Defendants' Motion to Dismiss be **DENIED.**

7

Dated: April 23, 2024                             Respectfully submitted,

                                                  By:

                                                          */s/ Thomas P. McNulty*
                                                  Thomas P. McNulty ((BBO # 654,564)
                                                  Kevin M. Eckert (VBA 89140)
                                                  LANDO & ANASTASI, LLP
                                                  60 State Street, 23rd Floor
                                                  Boston, MA 02109
                                                  Tel:    (617) 395-7000
                                                  Fax:    (617) 395-7070
                                                  Email: tmcnulty@lalaw.com
                                                              keckert@lalaw.com

*Attorneys for Plaintiff Mobile Pixels Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via e-mail in PDF format.

                                                          */s/ Thomas P. McNulty*
                                                          Thomas P. McNulty