UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> *    Civil Action No. 23-cv-12587-ADB <br> * <br> * <br> * <br> * <br> * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels") alleges that The Partnerships and Unincorporated Associations Identified on Schedule "A" of its Complaint, [ECF No. 1-7], infringe upon its design patent, U.S. Patent No. D920,975 (the "D'975 Patent"), [ECF No. 1 ("Compl." or "Complaint") ¶ 6]. Before the Court is defendants Extended Monitor (A36WA8Q3TZBF57) and LIANJITECH (A2INEX8WFAATT3)'s (collectively, "Defendants") motion to dismiss. [ECF No. 99]. For the reasons set forth below, the motion is DENIED.

**I.      BACKGROUND**

The following facts are taken from the Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

Mobile Pixels owns the D'975 Patent, [Compl. ¶ 8], which covers an ornamental design for a monitor that extends from a laptop or computer screen, see [ECF No. 1-1 (the "D'975 Patent")]. The following are examples of the patented design:



FIG. 20



FIG. 28

[D'975 Patent at 23 (Fig. 20), 31 (Fig. 28)].  Since July 2018, Mobile Pixels has been selling monitor products that include designs covered by the D'975 Patent.  [Compl. ¶¶ 10, 12].

Defendants offer for sale and/or sell allegedly infringing products through e-commerce stores online.  [Compl. ¶¶ 13, 22].  Specifically, they sell products with the following design:







[ECF Nos. 57-1 at 1; 57-2 at 22; 57-3 at 3].[1]

---

[1] Although these images of Defendants' design/products are not included in the Complaint, Defendants admit that these images depict the products it sells, [ECF No. 99 at 3 ("Defendants' Alleged-Infringing Products consist of a folding screen of rectangular shape [see D.E. 57-1, 57-2, 57-3].") (emphasis omitted)], and Mobile Pixels does not dispute that assertion, see generally

2

On October 30, 2023, Mobile Pixels filed suit alleging that Defendants and others sell products that infringe on the D'975 Patent.  See [Compl. ¶ 6].  Defendants moved to dismiss on April 9, 2024, [ECF No. 99], and Mobile Pixels opposed on April 23, 2024, [ECF No. 100].

## II.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze them in the light most favorable to the plaintiff, and draw all reasonable inferences from those facts in favor of the plaintiff.  U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  "[A] complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief[,]'"  Cardigan Mt. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P.

---

[ECF No. 100].  Accordingly, the Court will consider the documents and images at ECF Nos. 57-1, 57-2, and 57-3 as depicting Defendants' design/products.  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (although "[o]rdinarily, . . . any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment[,] . . . [c]ourts . . . have made narrow exceptions for documents the authenticity of which are not disputed by the parties; . . . for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.").

The Court further notes that the images provided by Defendants align with many of the images of the accused products identified in the Complaint, including for example, the following:



See, e.g., [ECF No. 1-8 at 34]; see also [Compl. ¶ 6].

8(a)(2)), and set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Pitta v. Medeiros, 90 F.4th 11, 17 (1st Cir. 2024) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)). Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

"Courts may dismiss claims of design infringement on Rule 12(b)(6) motions where it finds that no reasonable fact-finder could find infringement as a matter of law." Converse Inc. v. Steven Madden, Ltd., 552 F. Supp. 3d 139, 141 (D. Mass. 2021). To determine whether a product infringes a design patent, "courts ask whether an 'ordinary observer . . . would be deceived into believing that the accused product is the same as the patented design.'" Id. (quoting Steven Madden, Ltd. v. Laurent, No. 18-cv-7592, 2019 WL 2023766, at *2 (S.D.N.Y. May 8, 2019) (quoting Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1303 (Fed. Cir. 2010))). The court's "analysis involves a 'side-by-side' comparison of the design patent illustrations with photographs of the accused product." Id. (quoting Laurent, 2019 WL 2023766, at *7). "Dismissal is appropriate where no ordinary observer could determine that the two designs are substantially the same." Id.

Defendants' only argument is that their products are "substantially dissimilar" to the D'975 Patent design in the eyes of an ordinary consumer because the D'975 Patent "describes an

ornamental design for a **sliding** screen of rectangular shape[,] . . . whereas, Defendants' Alleged-Infringing Products consist of a **folding** screen of rectangular shape," which are "mutually exclusive and differing features." [ECF No. 99 at 2–3 (emphasis in brief)]. In response, Defendants argue that the "D'975 Patent is directed to '[t]he *ornamental design for a monitor*,' making no reference to any sliding features or requirements," [ECF No. 100 at 5 (emphasis in brief) (internal citation omitted)], and that "as a matter of law the way in which a design functions is not considered in the infringement analysis," [id.].

At this early stage, where the Court has not engaged in claim construction or considered the range of prior art, see Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008) ("when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art"), Defendants' argument is insufficient to warrant dismissal. The D'975 Patent depicts a rectangular screen extending from a laptop monitor, see, e.g., [D'975 Patent at 23], and the images of Defendants' product depict a rectangular screen that does the same, see [ECF Nos. 57-1; 57-2; 57-3]. "That the designs are not identical is not . . . dispositive[,] . . . because a finding of infringement requires only that the accused design and the patented design be 'substantially the same.'" Converse, 552 F. Supp. 3d at 141 (quoting Laurent, 2019 WL 2023766, at *3). Though the Court may well reach a different conclusion after construing the D'975 Patent and assessing any arguments regarding the prior art, having considered Defendants' argument here, assessed the images before the Court, and drawing inferences in favor of Mobile Pixels, see Hutcheson, 647 F.3d at 383, the Court is not persuaded at this stage that "no ordinary observer

5

could determine that the two designs are substantially the same." Converse, 552 F. Supp. 3d at 141.[2]

## IV. CONCLUSION

Accordingly, Defendants' motion to dismiss, [ECF No. 99], is **DENIED**.

**SO ORDERED.**

July 18, 2024

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] On the record before the Court, that fact that the designs slide vs. fold appears to describe their function, not the patented ornamental design in the D'975 Patent. See Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1328 (Fed. Cir. 2015) ("[D]esign patents are directed to ornamental designs," and design patents based on "functional rather than ornamental designs are invalid.").