UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOBILE PIXELS, INC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Civil Action No. 23-cv-12587-ADB |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Mobile Pixels, Inc. ("Mobile Pixels") alleges that The Partnerships and Unincorporated Associations Identified on Schedule "A" of its Complaint, [ECF No. 1-7], infringe upon its design patent, U.S. Patent No. D920,975 (the "D'975 Patent"), [ECF No. 1 ("Compl." or "Complaint") ¶ 6]. Before the Court is Mobile Pixels' second motion to strike Counterclaim Plaintiffs' Fourth Affirmative Defense for inequitable conduct and to dismiss their invalidity counterclaim ("Counterclaim II"). [ECF No. 104 ("Mot.")]. For the reasons set forth below, Mobile Pixels' motion to dismiss and strike is **GRANTED**.

I.  **BACKGROUND**[1]

    A.  **Procedural History**

On October 30, 2023, Mobile Pixels filed its Complaint. [Compl.]. On November 16, 2023, it moved for a temporary restraining order, [ECF No. 10], which the Court granted on November 21, 2023, [ECF No. 12 (the "TRO")]. The parties spent about a month litigating issues surrounding the TRO, see, e.g., [ECF Nos. 30–31, 36, 39, 44–46, 53, 57, 59, 61–63, 67–72, 80], and then two groups of defendants filed their answers, affirmative defenses and counterclaims. [ECF Nos. 83, 84]. Mobile Pixels moved to strike these defendants' affirmative defense for inequitable conduct and to dismiss several of their counterclaims, including a counterclaim for invalidity. [ECF No. 92]. The Court granted the motion. [ECF No. 102 ("First Motion to Dismiss Order")].

Following the First Motion to Dismiss Order, Counterclaim Plaintiffs filed their answer to Mobile Pixels' Complaint, [ECF No. 103 (the "Counterclaim Complaint" or "CC Compl.")]. As relevant here, Counterclaim Plaintiffs' Fourth Affirmative Defense is that "[Mobile Pixels'] claims are barred, in whole or in part, due to inequitable conduct in filing the [D]'975 application before the" United States Patent and Trademark Office ("USPTO" or "PTO"). [CC Compl. at 5]. Their second counterclaim is a request for a declaratory judgment of invalidity of the D'975 Patent ("Counterclaim II"). [Id. at ¶¶ 17–24].

On August 14, 2024, Mobile Pixels filed a motion to strike the Fourth Affirmative Defense and to dismiss Counterclaim II. [Mot. at 1–8]. Counterclaim Plaintiffs opposed on August 28, 2024, [ECF No. 108 ("Opp.")].

---

[1] The Court would typically begin by drawing background facts from the Counterclaim Complaint. Counterclaim Plaintiffs, however, offer almost no factual allegations to support their

## II.     MOTION TO STRIKE

Mobile Pixels first moves to strike Counterclaim Plaintiffs' Fourth Affirmative Defense, [Mot. at 4–5], which states in full:

> [Mobile Pixels'] claims are barred, in whole or in part, due to inequitable conduct in filing the [D]'975 application before the USPTO. By filing the [D]'975 application and attempting to enforce the claims alleged in its Complaint, [Mobile Pixels] is attempting to obtain a monopoly on an invention that [Mobile Pixels] is aware already existed in the public domain. Due to the existence of numerous products of similar nature, it is evident that the [D]'975 Patent must be invalidated as a matter of law.

[CC Compl. at 5].

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts generally disfavor motions to strike affirmative defenses for legal insufficiency, see Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 39 (D. Mass. 1991), and grant them only when a plaintiff has established that it is "beyond cavil that the defendant could not prevail on them[,]" Honeywell Consumer Prods. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) (quoting Coolidge v. Judith Gap Lumber Co., 808 F. Supp. 889, 893 (D. Me. 1992)) (first alteration in original). Even then, such motions are "rarely granted absent a showing of prejudice to the moving party." Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (quoting Hayes v. McGee, No. 10-cv-40095, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011)).

---

counterclaims, other than that they are "e-commerce retailer[s] based in China," [CC Compl. ¶¶ 1–2], that Counterclaim Plaintiffs and Mobile Pixels are "competing online manufacturers and retailers," [id. ¶ 7], that "[u]pon information and belief, Mobile Pixels is and at all times has been readily aware of the [Counterclaim Plaintiffs'] and/or other third party's sale of products alleged in [Mobile Pixels'] Complaint, including, but not limited to, the non-infringing nature thereof," [id. ¶ 9], and that "Mobile Pixels has embarked on a campaign to rid the marketplace of competitors by way of filing its Complaint," [id. ¶ 10]. Given the paucity of facts, the Court omits a formal background section."

3

That said, an inequitable conduct defense must satisfy the requirements for alleging fraud set forth in Federal Rule of Civil Procedure 9(b). See Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1326 (Fed. Cir. 2009).  In determining "whether inequitable conduct has been pleaded with particularity under Rule 9(b)," the law of the Federal Circuit applies. Id. "The [Federal Circuit] [has] tightened the inequitable conduct [pleading] standard to ensure that the defense is sustained only in egregious circumstances and to discourage parties from using it as a mere litigation tactic in garden-variety cases." PetEdge, Inc. v. Fortress Secure Sols., LLC, No. 15-cv-11988, 2016 WL 407065, at *3 (D. Mass. Feb. 2, 2016) (quoting Lexington Luminance LLC v. Osram Sylvania Inc., 972 F. Supp. 2d 88, 91 (D. Mass. 2013)) (alterations in original).

> Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity" under Rule 9(b).  A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b).

Exergen, 575 F.3d at 1326–27 (alterations in original) (internal citations omitted) (quoting Rule 9(b)).  Thus, "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Id. at 1327.

Mobile Pixels argues that Counterclaim Plaintiffs' Fourth Affirmative Defense fails for the same reasons articulated in the First Motion to Dismiss Order – namely, that "[n]o facts of any kind, much less those related to the specific who, what, where, when, or how of any alleged inequitable conduct, are present in [Counterclaim Plaintiffs'] pleading." [Mot. at 5].  Mobile Pixels avers that Counterclaim Plaintiffs "failed to identify any specific person at or connected with Mobile Pixels who had knowledge of any specific reference that was withheld or misrepresented to the PTO, and has alleged no facts to demonstrate intent." [Id.]. Counterclaim

4

Plaintiffs respond that their affirmative defense specifies the who, what, when, where, and how, "[s]pecifically: (i) who – Plaintiff; (ii) what/when – filed the [D]'975 Patent application for the purpose of obtaining a monopoly while knowing (or should have known) prior art existed in the public domain precluding the invalidity and/or enforceability of the [D]'975 Patent applicable; and (iii) where/how – via filing with the PTO."  [Opp. at 4].

Although Counterclaim Plaintiffs' Fourth Affirmative Defense is slightly more robust than the claim that this Court previously dismissed,[2] it is far less detailed than the affirmative defense the Federal Circuit rejected in Exergen, see 575 F.3d at 1325–26, and Counterclaim Plaintiffs offer almost no factual averments to support the alleged inequitable conduct.  For instance, Counterclaim Plaintiffs definition of "who" as "Plaintiff" is insufficient to support a claim under Rule 9(b).  Id. at 1329 ("First, the pleading refers generally to 'Exergen, its agents and/or attorneys,'… but fails to name the specific individual associated with the filing or prosecution of the application issuing as the [relevant] patent, who both knew of the material information and deliberately withheld or misrepresented it. The pleading thus fails to identify the 'who' of the material omissions and misrepresentation.").  Similarly, the Counterclaim Complaint "fails to identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found—i.e., the 'what' and 'where' of the material omissions."  Id.  Because Counterclaim Plaintiffs fail to meet the particularity requirements of Rule 9(b) and Exergen, Mobile Pixels' motion to strike the Defendants' Fourth Affirmative Defense is **GRANTED**.

---

[2] The affirmative defense that this Court previously dismissed stated, in full, that "[t]he [D]'975 Patent is unenforceable for inequitable conduct before the USPTO."  [ECF No. 83 at 5].

## III. MOTION TO DISMISS

### A. Legal Standard

On a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff-in-counterclaim's theory, and draw all reasonable inferences from those facts in favor of the plaintiff-in-counterclaim. See U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). While detailed factual allegations are not required, a counterclaim complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (internal quotations omitted)). The facts alleged must be sufficient to "state a claim to relief that is plausible on its face." A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

### B. Discussion

Counterclaim Plaintiffs assert in Counterclaim II that "[t]he [D]'975 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112." [CC Compl. ¶ 18]. In support, they plead only that "the [D]'975 Patent is invalid due to the existence of prior art encompassing the [D]'975 Patent existing in the marketplace prior to any valid or enforceable rights existing relating thereto," [id. ¶ 19], and that "the design of the [D]'975 Patent is dictated entirely by its function and the patent is therefore invalid," [id. ¶ 20].

Mobile Pixels argues that, despite having the benefit of the First Motion to Dismiss Order "dismissing a count of invalidity for failing to adequately plead facts supporting the same, [Counterclaim Plaintiffs] here again fail to identify a single reference that might impact the validity of the [D]'975 Patent and fail[] to provide any factual arguments relating to the written description, enablement, and functionality."  [Mot. at 6].  As it did in its last motion to dismiss, Mobile Pixels again asserts that this simple "pleading the statute" has "repeatedly been held to fail to state a claim."  [Id. (quoting SCVNGR, Inc. v. eCharge Licensing, LLC, No. 13-cv-12418, 2014 WL 4804738, at *4 (D. Mass. Sept. 25, 2014))].  In response, Counterclaim Plaintiffs argue that their Counterclaim Complaint pleads "the existence of prior art encompassing the [D]'975 Patent, thereby rendering the [D]'975 Patent invalid" and that "the design of the [D]'975 patent being dictated entirely by its function, thereby provid[es] another basis for invalidity."  [Opp. at 5].

Again, while a bit more developed than the counterclaim that this Court previously dismissed,[3] Counterclaim II falls short of stating a claim for relief.  Counterclaim Plaintiffs provide no support for the idea that a bareboned factual assertion that "prior art exists" or that a patent's "design is dictated by its function" is sufficient to survive a motion to dismiss.  These allegations, even read generously at the motion to dismiss stage, simply parrot a cause of action for invalidity.  SCVNGR, Inc., 2014 WL 4804738, at *4 (dismissing counts for a declaration of invalidity where the claim alleged "only that 'each and every claim of the [ ] patent is invalid for failure to comply with the conditions and requirements for patentability set forth in one or more

---

[3] The prior counterclaim for a declaration of invalidity stated, in full, that "[t]he claims of the [D]'975 Patent are invalid for failure to comply with the statutory requirements of one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112."  [ECF No. 83 ¶ 30].

7

of 35 U.S.C. §§ 101, 102, 103, or 112 and/or under the doctrine of obviousness-type double patenting.'"); Marine Polymer Techs., Inc. v. HemCon, Inc., No. 06-cv-0100, 2010 WL 1451203, at *1 (D.N.H. Apr. 8, 2010) ("Actions involving issues of patent invalidity due to obviousness, anticipation, or statutory bar rely, at least in part, on prior art as evidence of invalidity."). Without further facts regarding the prior art that allegedly renders the D'975 Patent invalid, or facts to support the notion that the patent's design is dictated by its function, Counterclaim Plaintiffs' allegations are insufficient to state a claim for relief. See, e.g., Senju Pharm. Co. v. Apotex, Inc., No. 12–cv-0159, 2013 WL 444928, at *4 (D. Del. Feb.6, 2013) (dismissing invalidity counterclaim for complete lack of factual support). As such, Mobile Pixels' motion to dismiss Counterclaim II is **GRANTED**.

IV.     **LEAVE TO AMEND**

As an alternative to dismissal, Counterclaim Plaintiffs conditionally request leave to amend the Complaint. [Opp. at 6 ("Alternatively, should the Court grant Plaintiff's Combined Motion, [Counterclaim Plaintiffs] ask that such relief be provided without prejudice and with leave to amend.")]. Mobile Pixels asks that Counterclaim II be dismissed with prejudice. [Mot. at 6-7]. Specifically, Mobile Pixels argues that "despite having the guidance of this Court's [prior] Memorandum and Order setting forth the proper pleading standard for a claim of invalidity, [Counterclaim Plaintiffs] made the same fact-devoid pleading that had already been rejected," which "demonstrates that [Counterclaim Plaintiffs] do not have an invalidity position to advance." [Id. at 6].

The "grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). Here, Counterclaim Plaintiffs have not provided the Court with a proposed amended complaint or any indication as to how they intend

to cure the pleading defects.  See generally [Opp.].  See Barricello v. Wells Fargo Bank, N.A., No. 13–12795, 2016 WL 1244993, at *9 (D. Mass. Mar. 22, 2016) ("Ordinarily, a plaintiff's failure to explain the basis for amendment is a sufficient reason to deny leave to amend.").  Although Counterclaim Plaintiffs have not previously been granted leave to amend, they filed their Counterclaim Complaint with the benefit of the First Motion to Dismiss Order dismissing substantially similar allegations within the same action for failure to plead sufficient facts to support an invalidity claim.  See [ECF No. 102].  Despite this, the Counterclaim Complaint contains almost no factual allegations.  Because of this, and without a proposed amended Counterclaim Complaint to rely upon, the Court is convinced that any further amendment would be futile, and Counterclaim II is therefore dismissed with prejudice.

## V.  CONCLUSION

Accordingly, Mobile Pixels' motion to dismiss and strike, [ECF No. 104], is **GRANTED**.  Counterclaim Plaintiffs' Fourth Affirmative Defense is stricken, and Counterclaim II is dismissed with prejudice.

SO ORDERED.

January 27, 2025                                             /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE